STATE of Tennessee, Appellee,

v.

Leonard MILLER, Appellant.

No. 86–167–III.

Court of Criminal Appeals of Tennessee, at Nashville.

May 12, 1987.

Permission to Appeal Denied by Supreme Court Sept. 8, 1987.

Saul Solomon, Asst. Public Defender, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Norma Crippen Ballard, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Tom Thurman, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

JONES, Judge.

The defendant, Leonard Miller, was convicted of burglary third degree by a jury of his peers. The trial court found the defendant was a persistent offender and committed an especially aggravated offense; and he sentenced the defendant to serve a term of nine (9) years in the Department of Corrections. The trial judge ordered that this sentence would be served consecutively to two (2) sentences for which defendant was on parole when the present offense was committed. See Tenn.R.Crim.P. 32(c)(3)(A).

After the trial court denied his motion for a new trial the defendant appealed as of right to this Court pursuant to Rule 3(b), Tenn.R.App.P. In this Court the defendant raises five (5) issues. He contends the trial court committed error of prejudicial dimen-

sions, entitling him to a new trial, because the trial court (a) failed to rule on the defendant's motion in limine, which addressed the prior convictions of the defendant, either before trial or the defendant took the stand as a witness, (b) admitted hearsay evidence over the objection of the defendant, (c) ruled the defendant's prior burglary convictions were admissible to impeach the defendant as a witness, (d) ruled the defendant's prior petit larceny convictions, which were over ten (10) years old, were admissible to impeach the defendant as a witness, and (e) relied on the same factors to find that the defendant was a Range II offender and enhance his sentence within the range.

## FAILURE TO RULE ON MOTION IN LIMINE BEFORE TRIAL OR THE DEFENDANT WAS CALLED AS A WITNESS

The defendant filed a motion in limine prior to trial. The motion sought to prohibit the State from impeaching the defendant with certain categories of prior convictions, if he elected to testify in his own defense. There is some question as to whether this motion was adequate. See Tenn.R.Crim.P. 47.

We gather from reading the transcript of the evidence that the trial judge declined to rule upon the motion prior to trial or the defendant taking the stand as a witness. However, the record transmitted to this Court does not contain a transcript or statement of the evidence of the hearing on the motion. We assume that a record was made of these proceedings as mandated by Rule 12(g), Tenn.R.Crim.P. Nor does the record contain an order denying the motion.

 It is the duty of the appellant to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of his appeal. Tenn.R.App.P. 24(b); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn.1983); *State v. Hopper*, 695 S.W.2d 530, 537 (Tenn.Crim.App. 1985); *State v. Wallace*, 664 S.W.2d 301, 302 (Tenn.Crim.App.1983). When the

record is incomplete, or does not contain the proceedings relevant to an issue, this Court is precluded from considering the issue. *State v. Hoosier*, 631 S.W.2d 474, 476 (Tenn.Crim.App.1982), [motion to dismiss indictment]; *State v. Morton*, 639 S.W.2d 666, 668 (Tenn.Crim.App.1982), [motion for continuance]; *State v. Griffith*, 649 S.W.2d 9,10 (Tenn.Crim.App.1982), [motion to suppress evidence]; *State v. Hopper*, supra, [voir dire and pretrial motion to suppress]. Furthermore, this Court must conclusively presume that the ruling of the trial court was correct in all particulars. *State v. Jones*, 623 S.W.2d 129, 131 (Tenn. Crim.App.1981); *State v. Baron*, 659 S.W.2d 811, 815 (Tenn.Crim.App.1983); *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn. Crim.App.1983). This issue is without merit.

## ADMISSIBILITY OF HEARSAY EVIDENCE

The defendant contends the trial court committed error of prejudicial dimensions in permitting Officer Sutton to testify over the objection of the defendant that he was approached by individuals who told him "they heard a loud—a loud noise over at the car lot, Eaton's Car lot. And it sounded like, they stated, like someone was trying to break in." It is argued that this statement constituted rank hearsay, should not have been admitted into evidence, and the admission of this statement violated the defendant's federal and state constitutional rights to confrontation. We disagree.

Hearsay evidence is defined as "testimony in court or written evidence, of a statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value on the credibility of the out-of-court asserter." See D. Paine, *Tennessee Law of Evidence* § 47 (1974) at 47, quoting *McCormick on Evidence* § 246 (2nd ed. 1972) at 584. This definition has been adopted in Tennessee. See *State v. Mathis*, 702 S.W.2d 179, 181 (Tenn.Crim.App.1985); *State v. Hailey*, 658 S.W.2d 547, 552 (Tenn.Crim.App.1983).

 The hearsay evidence rule does not operate to exclude every statement

made to a witness by a third person. *Richter v. State*, 1 Tenn.Crim.App. 270, 277, 438 S.W.2d 362, 365 (1968); *State v. Hailey*, supra. Where, as here, the statement is admitted into evidence merely to show the officer's reason for going to the car lot, the statement is admissible, because the testimony is not being offered to prove the truth of the matters asserted by the out-of-court declarant, and is clearly not hearsay. *State v. John Polk and Diane Jones*, C.C.A. at Jackson, opinion filed February 14, 1980; *State v. Clemmie Lee Rhyan*, C.C.A. at Jackson, opinion filed July 9, 1981.

■ We are of the opinion the trial judge properly admitted the substance of the conversation between Officer Sutton and the citizens who reported what they thought was a burglary in progress. The trial judge gave a limiting instruction to the jury immediately following the admission of the statement into evidence; and, in the absence of proof to the contrary, it is presumed that the jury followed the trial judge's instruction. *Price v. State*, 589 S.W.2d 929,931 (Tenn.Crim.App.1979). If it can be said the admission of the statement constituted error, the error was harmless beyond a reasonable doubt in the context of this case. Tenn.R.App.P. 36(b); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Phipps v. State*, 4 Tenn.Crim.App. 511, 474 S.W.2d 154,159 (1971). This issue is without merit.

## UTILIZATION OF THE SAME FACTORS TO IMPOSE A RANGE II SENTENCE AND ENHANCE THE PUNISHMENT WITHIN THE RANGE

■ The defendant contends the trial court's finding that the defendant was a "persistent offender" and committed an "especially aggravated offense" are predicated upon his prior felony convictions; and these same convictions were used to enhance the length of the sentence within the range. This, the defendant argues, violates the double jeopardy provisions of both the federal and state constitutions.

We are unable to consider this issue because the record is incomplete. The presentence report, which was introduced as evidence, is not part of the record forwarded to this Court. Furthermore, the certified copies of the defendant's convictions and his parole classification, which were also introduced as evidence at the sentencing hearing, are not part of the record in this case. Thus, we must conclusively presume the trial judge's ruling in this regard is correct. We note, however, that this same issue was held to be without merit in the case of *State v. Francisco Davis*, C.C.A. at Nashville, opinion filed March 17, 1987 [Available on WESTLAW, TN–CS database].

## ADMISSIBILITY OF BURGLARY CONVICTIONS

The defendant contends the trial court committed error of prejudicial dimensions when it ruled the defendant's prior convictions for burglary third degree were admissible for the purpose of impeaching the defendant as a witness. In support of this issue the defendant argues that the crime of burglary does not involve dishonesty; and the prejudicial effect of permitting the State to use these convictions to impeach the defendant far outweighed their probative value as evidence. According to the defendant, the introduction of prior convictions for the same crime the accused is being tried, is highly prejudicial, and apparently should always be excluded. We disagree.

■ As the defendant states in his brief, this Court has ruled on numerous occasions that the crime of burglary involves dishonesty; and prior convictions for burglary may be used to impeach a witness. See *Price v. State*, 589 S.W.2d 929, 931–932 (Tenn.Crim.App.1979); *Johnson v. State*, 596 S.W.2d 97, 104 (Tenn.Crim.App.1979); *State v. Cole*, 665 S.W.2d 407, 410 (Tenn. Crim.App.1983); *State v. Stafford*, 670 S.W.2d 243, 245 (Tenn.Crim.App.1984); *State v. Bowers*, 673 S.W.2d 887, 888, 889 (Tenn.Crim.App.1984); *State v. Crank*, 721 S.W.2d 264, 266–267 (Tenn.Crim.App.1986).

See also *State v. Reed,* 689 S.W.2d 190, 194 (Tenn.Crim.App.1984).

■ The fact the defendant was being tried for the offense of burglary third degree does not mean his prior convictions for burglary third degree could not be used for the purpose of impeaching him as a witness. *Price v. State,* supra, [prior convictions for burglary and grand larceny admissible in prosecution for burglary third degree]; *Johnson v. State,* supra, [prior conviction for burglary admissible in prosecution for burglary]. See also *State v. Fluellen,* 626 S.W.2d 299, 300 (Tenn.Crim. App.1981), [prior conviction for armed robbery admissible in prosecution for armed robbery]; *State v. Davis,* 649 S.W.2d 12, 13–14 (Tenn.Crim.App.1982), [prior conviction for bank robbery admissible in prosecution for bank robbery]; *State v. Norris,* 684 S.W.2d 650, 654 (Tenn.Crim.App.1984), [prior conviction for armed robbery admissible in prosecution for murder first degree and armed robbery]; *State v. Goad,* 692 S.W.2d 32, 37 (Tenn.Crim.App.1985), [prior conviction for armed robbery admissible in prosecution for armed robbery]; *State v. Gibson,* 701 S.W.2d 627, 628–629 (Tenn. Crim.App.1985), [prior drug convictions admissible in prosecution for possession of drugs].

■ Contrary to the defendant's contention, a trial judge is not required to balance the probative value versus the prejudicial effect when the prior conviction sought to be introduced involves dishonesty or false statement. *Price v. State,* surpa; *State v. Fluellen,* supra; *State v. Davis,* 649 S.W.2d 12, 13 (Tenn.Crim.App.1982); *State v. Mosley,* 667 S.W.2d 767, 771 (Tenn. Crim.App.1983); *State v. Stafford,* 670 S.W.2d 243, 245 (Tenn.Crim.App.1984). The defendant's reliance on this Court's decision in *Long v. State,* 607 S.W.2d 482 (Tenn.Crim.App.1981) is misplaced. In *Long* this Court considered a prior conviction for an offense which did not involve dishonesty or a false statement. It is readily distinguishable on the facts. See *State v. Davis,* supra; *State v. Norris,* 684 S.W.2d 650, 654 (Tenn.Crim.App.1984).

We parenthetically note that the argument advanced by the defendant in support of this issue was previously rejected by this Court in *State v. Goad,* supra. See also *State v. Sheffield,* 676 S.W.2d 542, 549 (Tenn.1984). This issue is without merit.

## ADMISSIBILITY OF PETIT LARCENY CONVICTIONS

■ The defendant contends the trial court committed error of prejudicial dimensions when it ruled the defendant's prior convictions for petit larceny were admissible as evidence. It is asserted that more than ten (10) years had elapsed from the date of the convictions; and the probative value of the convictions does not outweigh their prejudicial effect. We disagree.

Prior to trial the State gave the defendant notice it would seek to impeach the defendant with two prior convictions for petit larceny, if the defendant elected to testify at trial. The notice alleged the defendant had been convicted of petit larceny in May of 1969 and on February 2, 1972. At a jury-out hearing the trial court ruled the prior convictions could be used to impeach the defendant as a witness. The trial court found the probative value of these convictions for impeachment purposes outweighed the prejudicial effect of their admission into evidence. In support of its finding the trial court noted the defendant had subsequently been convicted of at least three (3) felonies, there was a continuous pattern of criminal conduct as evidenced by these convictions, the offense of petit larceny involves dishonesty, and there was a sharp conflict between the testimony of the defendant and the testimony given by the State's witnesses.

In the context of this case we are of the opinion the trial court did not abuse its discretion in ruling the petit larceny convictions were admissible for the limited purpose of impeaching the defendant as a witness. *Johnson v. State,* 596 S.W.2d 97, 104 (Tenn.Crim.App.1979). See *State v. Morgan,* 541 S.W.2d 385, 389 (Tenn.1976); *State v. Martin,* 642 S.W.2d 720, 722 (Tenn.1982).

The judgment of the trial court is affirmed.

SCOTT, J., and ALLEN R. CORNELIUS, Jr., Special Judge, concur.