# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. NICK HOLSCHER

**Direct Appeal from the Criminal Court for Davidson County**
**No. 97-T-928  Seth Norman, Judge**

---

**No. M1999-00448-CCA-R3-CD - Decided June 15, 2000**

---

The defendant was convicted of driving under the influence of an intoxicant and sentenced to 11 months, 29 days, with all but 15 days suspended. In this appeal, the defendant contends that the trial court erred by admitting the results of his breathalyser examination and that the sentence is excessive. The state met the Sensing requirements for the admissibility of the breathalyser results, and the evidence does not preponderate against the trial court's determination that the results were admissible. Because the transcript of the sentencing hearing is not included in the record, this court is bound by the trial court's sentencing determination. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

WADE, P.J., delivered the opinion of the court, in which RILEY and OGLE, JJ., joined.

V. Michael Fox, Nashville, Tennessee, for the appellant, Nick A. Holscher.

Paul G. Summers, Attorney General & Reporter, Elizabeth T. Ryan, Assistant Attorney General, and T.J. Haycox, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Nick Holscher, was convicted of driving under the influence of an intoxicant, first offense. The trial court imposed an eleven month, twenty-nine day sentence, all but 15 days of which was suspended. The defendant was also fined $750.00 and prohibited from driving for one year. In this appeal of right, the defendant argues that the trial court erred by admitting evidence of the results of a breathalyser examination and that the sentence is excessive. We find no error and affirm the judgment of the trial court.

At approximately 11:25 P.M. on May 2, 1997, Nashville Metro Police Officer Charles Pike observed the defendant traveling on 4th Avenue without his car's headlights illuminated. According to Officer Pike, he arrested the defendant when "he almost rear-ended another vehicle." The defendant, who had a female passenger, "was real slow about pulling over." When questioned, he denied that he had been drinking. Officer Pike observed that the defendant was unsteady on his

feet. The officer smelled alcohol and saw three empty beer cans and "one Red Dog beer" inside the vehicle. The arrest and field sobriety tests were videotaped. The jury was allowed to observe the defendant's performance on the tests.

Officer Christopher Herrin was called to the scene to administer the breathalyser test. While the defendant initially declined to perform the test, he changed his mind after being placed under arrest and informed of the possible consequences of his refusal to undergo a breathalyser examination. Initially, the machine did not record a result, probably due to interference from a cellular phone which was being utilized by the female passenger in the defendant's vehicle. A second test indicated a 0.19% blood alcohol content.

At trial, TBI Regional Crime Lab Director Landy Wilder, who was responsible for inspecting the breathalyser machine utilized on the defendant, presented certificates of accuracy from testing made some three months before the arrest and six days afterward. The printout of the test results was made a part of the record.

The defendant, formerly a staff sergeant in the U.S. Army, testified that he had taken his girlfriend to dinner on the evening of his arrest. He claimed that he had a drink at 5:00 P.M., a glass of wine with his dinner, and a third drink as late as 9:30 P.M. He explained that he may have performed poorly on field sobriety tests because of standing water in a depression on a hard ground surface. He claimed that he lost his balance only because he turned awkwardly to face the arresting officer. The defendant contended that he had a "chew of tobacco" at the time of the arrest and that neither of the two officers made any inspection of his mouth. He denied that the alcohol impaired his driving ability.

The defendant first argues that the trial judge should have excluded the test results primarily because the officers failed to ensure that his mouth was free of foreign substances. He also contends that the officers failed to establish a 20-minute observation period prior to testing and that Officer Herrin failed to recycle the breathalyser before re-administering the test.

The evidence of the breath alcohol test and its results was properly admitted at trial. In State v. Sensing, our supreme court held that for a breath test to be admissible, the testing officer must be able to testify as follows:

> (1) that the tests were performed in accordance with the standards and operating procedure promulgated by the forensic services division of the Tennessee Bureau of Investigation (TBI);
>
> (2) that he was properly certified in accordance with those standards;
>
> (3) that the evidentiary breath testing instrument used was certified by the forensic services division, was tested regularly for accuracy and was working properly when the breath test was performed;

(4) that the motorist was observed for the requisite 20 minutes prior to the test, and during this period, he did not have foreign matter in his mouth, did not consume any alcoholic beverage, smoke, or regurgitate;

(5) that he followed the prescribed operational procedure; and

(6) that he can identify the printout record offered in evidence as the result of the test given to the person tested.

Sensing, 843 S.W.2d 412, 416 (Tenn. 1992). The six requirements in Sensing are mandatory and must be proven by a preponderance of the evidence. State v. Edison, 9 S.W.3d 75, 77 (Tenn. 1999). The prerequisites, once proven by a preponderance of the evidence, establish the propriety of the test results. Id. The finding of the trial court is presumed to be correct and should only be overturned if the evidence preponderates otherwise. Id. at 78.

Here, the state established that the officers complied with these requirements. Officer Herrin, who had been certified by the TBI to administer blood alcohol tests using the Intoxilyzer 1400, testified that he followed the TBI standards for administering the test. The TBI Regional Director submitted evidence that the machine used on the defendant was certified and tested regularly for accuracy. Together, Officers Pike and Herrin continuously observed the defendant for 20 minutes. While neither observed the defendant for the full 20 minutes, the observation, which is to assure no regurgitation or foreign substances in the mouth, was continuous. Officer Pike watched the defendant until Officer Herrin arrived. They both observed him as they walked to Officer Herrin's car to administer the test. Once at the car, Officer Herrin observed the defendant for another 10-12 minutes. Officer Pike recalled that the defendant denied having anything in his mouth. Officer Herrin checked and found nothing. There was no evidence that the defendant ever burped, regurgitated, or ingested anything during the time he was in the officers' presence. Officer Herrin identified the test results, thus meeting the final Sensing requirement. The trial court concluded that the testing apparatus was properly certified. In our view, the evidence does not preponderate against the finding of the trial court that the test was properly administered and the evidence admissible.

Next, the defendant complains that his sentence of 11 months, 29 days, all but 15 days suspended, is excessive. The transcript of the sentencing hearing, however, was not made a part of the record. Under this circumstance, our court must presume that the sentence imposed by the trial court was proper. It is the duty of the appellant to prepare a record which includes the proceedings relevant to an issue on appeal; otherwise, the doctrine of waiver applies. Tenn. R. App. P. 24(b); State v. Miller, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). When the record is incomplete, or does not contain the proceedings relevant to an issue, this court is bound by the determination in the trial court. State v. Hoosier, 631 S.W.2d 474, 476 (Tenn. Crim. App. 1982). This issue has no merit.

Accordingly, the judgment is affirmed.