IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. MICHAEL S. REID

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-136-698     Timothy L. Easter, Judge**

_____

### No. M1999-00305-CCA-R3-CD - Decided July 12, 2000

_____

The Williamson County grand jury indicted the appellant, Michael S. Reid, with one (1) count of driving under the influence, third offense, one (1) count of driving on a revoked license and one (1) count of criminal impersonation. The appellant pled guilty to driving on a revoked license and criminal impersonation and, after a jury trial, was found guilty of driving under the influence, third offense. The trial court sentenced the appellant to concurrent terms of eleven (11) months and twenty-nine (29) days, suspended after service of 180 days, for driving under the influence, third offense and six (6) months, suspended after service of ten (10) days, for driving on a revoked license. In addition, the appellant received a consecutive sentence of six (6) months, suspended after service of five (5) days, for criminal impersonation. On appeal, the appellant argues that the trial court erred in (1) admitting hearsay evidence over his objection by allowing a Williamson County Sheriff's Deputy to testify as to the contents of a dispatch he received prior to stopping the appellant; and (2) allowing the state to introduce evidence concerning a prior stop of the appellant for which he was not charged. We hold that the officer's testimony concerning the dispatch was nonhearsay and relevant and, as a result, properly admissible. Additionally, we conclude that the appellant has waived the issue regarding the prior stop as a result of his failure to object to this evidence at trial and his failure to include this issue in the motion for new trial. Therefore, we affirm the judgment of the trial court.

**T.R.A.P. 3 Appeal as of Right; Judgment of the Circuit Court of Williamson County is Affirmed**

SMITH, J., delivered the opinion of the court, in which HAYES, J., and OGLE, J., joined.

Tony L. Maples, Nashville, Tennessee attorney for the appellant  Michael S. Reid

Paul G. Summers, Attorney General & Reporter, Marvin E. Clements, Jr., Assistant Attorney General for the appellee State of Tennessee

# OPINION

## FACTUAL BACKGROUND

At approximately 11:15 p.m. on May 1, 1998, Deputy David Henley with the Williamson County Sheriff's Department received a notice from his dispatcher to be on the lookout for a male driving a small blue or green pickup truck. The dispatch requested that the officer determine the well-being of the driver and advised that the driver's pregnant wife was in labor in a hospital in Shelbyville. Approximately fifteen (15) minutes later, the officer observed a vehicle matching the description from the dispatch and followed the vehicle. When the officer observed that the driver of the vehicle was driving "erratically," he stopped the vehicle.

Deputy Henley approached the vehicle and noticed an odor of alcohol from the interior of the truck. He asked the driver if he was alright, and the driver responded that he was on his way to a hospital in Shelbyville because his wife was in labor. The officer identified the driver of the vehicle as the appellant. When Deputy Henley asked for his driver's license, the appellant stated that he did not have his license with him. The appellant then stated that his name was "Randall Eugene Reid" and gave the officer his date of birth. Using this information, the officer checked the status of the appellant's driver's license and determined that his driver's license was valid.

The appellant admitted to the officer that he had been drinking and agreed to perform field sobriety tests. The appellant did not perform the field sobriety tests to the officer's satisfaction, and Deputy Henley concluded that the appellant's ability to drive was impaired. However, because he believed that the appellant's wife was in labor, the deputy decided not to arrest him. Instead the officer transported the appellant to a local convenience store so that the appellant could arrange for transportation to the hospital. The officer waited with the appellant for a taxi, but Henley was called away on official business before the taxi arrived.

Approximately one (1) hour later in the early morning hours of May 2, Deputy Henley received a call that the appellant left the convenience store in another vehicle and was heading towards the location where he left his vehicle. As the officer traveled to that location, he observed the appellant driving his truck. The deputy followed the appellant for approximately 400 yards and observed his vehicle crossing both the center line and the right line at least twice. When Henley stopped the appellant's vehicle, he again detected the odor of alcohol and observed that the appellant's speech was mumbled and slurred. The officer also noted that the appellant leaned on his vehicle in order to steady himself as he exited.

Pursuant to the officer's request, the appellant once again performed field sobriety tests. The officer determined that the appellant's performance on these tests was unsatisfactory and, thus, arrested him for driving under the influence. The appellant refused the officer's request that he consent to a chemical blood test.

Although the appellant still maintained that his name was "Randall Eugene Reid," an identification only license bearing the name "Michael S. Reid" with the appellant's picture was found in his vehicle during an inventory. During the booking process, the appellant revealed his true identity to Deputy Henley. The officer ran a driver's license check and determined that the appellant's license had been revoked.

-2-

The appellant testified on his own behalf at trial. He stated that, on the night of May 1, he was driving to Shelbyville to visit his mother when he dropped his cellular phone in the floorboard of his vehicle. This caused him to swerve. He testified that, when the officer stopped him, he was nervous because he realized that his driver's license had been revoked, so he concocted a story that his wife was in labor in a Shelbyville hospital. He stated that he was not married at the time he was arrested and denied that he had a wife or a girlfriend in the hospital on May 1.

Although he acknowledged that he had been drinking that evening, the appellant testified that his driving ability was not impaired. He stated that he is blind in his right eye and received a back injury in 1989 which affects his balance on occasion. He disagreed with Deputy Henley's testimony that he did not satisfactorily perform the field sobriety tests during either stop. The appellant admitted his guilt on the charges of driving on a revoked license and criminal impersonation; however, he testified that he was not intoxicated when the officer stopped him on either occasion.

The jury found the appellant guilty of driving under the influence. The appellant waived his right to a jury trial on Count Three of the indictment alleging third offense driving under the influence. In a separate proceeding, the trial court found the appellant guilty of driving under the influence, third offense.[1] The trial court sentenced the appellant to eleven (11) months and twenty-nine (29) days, suspended after service of 180 days, for driving under the influence, third offense, six (6) months, suspended after service of ten (10) days, for driving on a revoked license and six (6) months, suspended after service of five (5) days, for criminal impersonation. The court ordered that the driving under the influence and driving on revoked license sentences run concurrently with one another, but consecutively to the criminal impersonation sentence.

From his conviction for driving under the influence, third offense, the appellant now brings this appeal.

## HEARSAY STATEMENT - CONTENTS OF DISPATCH

The appellant argues that the trial court erroneously allowed Deputy Henley to testify as to the contents of the "be on the lookout" dispatch he received prior to originally stopping the appellant. He contends that this testimony was hearsay and inadmissible because none of the exceptions to the hearsay rule apply. He further argues that the testimony was inadmissible at trial because it is irrelevant.

According to the Tennessee Rules of Evidence, hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted." Tenn. R. Evid. 801(c). Hearsay evidence is generally inadmissible. Tenn. R. Evid. 802. However, extrajudicial statements offered to prove the effect on the hearer constitute nonhearsay evidence and are admissible. State v. Venable, 606 S.W.2d 298, 301 (Tenn. Crim. App. 1980); *see also* N. Cohen, S. Sheppeard & D. Paine, Tennessee Law of Evidence § 801.6 (3d. ed. 1995).

In this case, the officer testified that he received a dispatch to be on the lookout for a small green or blue pickup truck. The dispatch advised the officer that the driver's wife was in labor in a Shelbyville hospital and requested that the officer check on the driver's well-being. This testimony

---

[1] At the beginning of the trial, the appellant pled guilty to driving on a revoked license and criminal impersonation.

was not offered to prove the truth of the matter asserted, i.e., that the appellant's wife was in labor in Shelbyville. Rather, the testimony was introduced to prove the effect on Deputy Henley as the hearer to explain why the officer initially followed the appellant's vehicle and, ultimately, stopped the vehicle. Moreover, the statement also explains the officer's actions in allowing the appellant to leave after the first stop, even though the officer believed that the appellant was driving under the influence. Because the testimony was not offered to prove the truth of the matter asserted, it is nonhearsay and admissible. *See* State v. Miller, 737 S.W.2d 556, 558-59 (Tenn. Crim. App. 1987).

The appellant also argues that the testimony was irrelevant because the validity of the initial stop was not contested at trial. However, the contents of the dispatch prove not only why the officer stopped the appellant's vehicle, but also why the officer did not arrest the appellant after the initial stop, even though he believed that appellant was under the influence of an intoxicant. The central issue at trial was whether, as a result of his drinking, the appellant's driving ability was impaired. The appellant testified that he was not intoxicated and performed well on the field sobriety tests. However, Deputy Henley's testimony directly refuted the appellant's in this respect. Indeed, the officer testified at trial that, had he not believed that the appellant's wife was in labor, he would have arrested the appellant for driving under the influence after the first stop. The officer executed the second stop approximately two (2) hours later, and the appellant was arrested for driving under the influence.

Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. Certainly, whether the appellant was intoxicated during the first stop at 11:30 p.m. would be relevant to the issue whether the appellant was intoxicated approximately two (2) hours later. In the same vein, the officer's determination that the appellant was intoxicated during the first stop was relevant at trial. Thus, the officer's reasons for failing to arrest the appellant for driving under the influence, even though he had probable cause to do so, would necessarily become relevant to the jury's determination in this case. As a result, the contents of the dispatch, while clearly not dispositive, were nonetheless probative to the issues presented at trial.

The officer's testimony concerning the contents of the "be on the lookout" dispatch was properly admitted. This issue is without merit.

## EVIDENCE OF PRIOR STOP

In his next issue, the appellant alleges that the trial court erred in allowing the state to introduce evidence concerning the prior stop for which the appellant was not charged. He contends that the first stop constituted evidence of a prior bad act which would be prohibited under Tenn. R. Evid. 404(b). Furthermore, he argues that this evidence should have been excluded as it was unduly prejudicial.

Initially, the appellant failed to object to this evidence at trial. Generally, the failure to object will result in waiver of the issue. Tenn. R. App. P. 36(a); State v. Walker, 910 S.W.2d 381, 386 (Tenn. 1995). Moreover, the appellant failed to include this issue in his motion for new trial.

Therefore, the issue is waived for this reason as well. Tenn. R. App. P. 3(e); State v. Maddox, 957 S.W.2d 547, 553 (Tenn. Crim. App. 1997); State v. Spadafina, 952 S.W.2d 444, 451 (Tenn. Crim. App. 1996).

The appellant concedes that he failed to object to this evidence and to include this issue in the motion for new trial. However, he contends that this Court should recognize plain error in this instance due to the prejudicial nature of the evidence. This Court may, in an exercise of its discretion, consider an issue which has been waived. However, in order for this Court to find plain error, the error must affect a substantial right of the accused. Tenn. R. Crim. P. 52(b).

After thoroughly reviewing the record, we conclude that there is no plain error. First, it is arguable whether the first stop could be considered a "separate" offense within the meaning of Tenn. R. Evid. 404(b). *See* State v. James Ray Bartlett, C.C.A. No. 01C01-9509-CC-00302, 1998 Tenn. Crim. App. LEXIS 429, at *5, Lincoln County (Tenn. Crim. App. filed April 7, 1998, at Nashville) (recognizing that "our appellate courts have held that the rule operates to exclude evidence of other crimes, wrongs or acts only when they are 'wholly independent of that for which [the defendant] is charged.' State v. Howell, 868 S.W.2d 238, 254 (Tenn. 1993); State v. King, 718 S.W.2d 241 (Tenn. 1986)." (emphasis added)). Secondly, evidence regarding the prior stop was relevant to an issue "other than conduct conforming with a character trait." *See* Tenn. R. Evid. 404(b). As previously stated, the circumstances surrounding the initial stop were relevant to the primary issue whether the appellant was intoxicated when the deputy stopped him a second time, merely two (2) hours later.

The appellant's allegation does not rise to the level of plain error. As a result, this issue has been waived.

## CONCLUSION

After thoroughly reviewing the record before this Court, we conclude that there is no reversible error. Accordingly, the judgment of the trial court is affirmed.