IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 7, 2003

## STATE OF TENNESSEE v. DWAYNE NELVIS SLOCUM

**Direct Appeal from the Circuit Court for Fayette County**
**No. 5218     Jon Kerry Blackwood, Judge**

_____

**No. W2002-01980-CCA-R3-CD  - Filed March 14, 2003**

_____

The defendant appeals his effective ten-year community corrections sentence with a requirement of 160 days of jail time after pleading guilty to violating a habitual motor vehicle offender order, driving under the influence - 4th offense, and resisting arrest.  The defendant filed no transcripts of the guilty plea submission hearing or sentencing hearing.  These hearings are essential for appellate review. Therefore, we must presume that the trial court is correct.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee (on appeal); and Gary F. Antrican, District Public Defender, and Shana McCoy-Johnson, Assistant Public Defender (at trial and on appeal), for the appellant, Dwayne Nelvis Slocum.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, Dwayne Nelvis Slocum, appeals his effective ten-year community corrections sentence with a requirement of 160 days of jail time after pleading guilty to violating a habitual motor vehicle offender order, driving under the influence - 4th offense, and resisting arrest. The trial court sentenced the defendant on Count 1, concurrent with Count 3 and consecutive to Count 2, as a Range III persistent offender, to five years for violating a habitual motor vehicle offender order. The trial court sentenced the defendant on Count 2, concurrent with Count 3 and consecutive to Count 1, as a Range III persistent offender, to five years for driving under the influence - 4th offense.

The defendant was sentenced to 30 days, concurrent with Count 1 and Count 2, for resisting arrest. The trial court ordered that the defendant serve 160 days in the county jail followed by community corrections.

The defendant contends that the trial court erred in imposing consecutive sentences, however, he has failed to include a transcript of the sentencing hearing or the guilty plea hearing. The State submits that the defendant's failure to include a full record results in the waiver of the issues on appeal.

It is the duty of the defendant to prepare a record that conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues that form the basis for the appeal. Tenn. R. App. P. 24(b); State v. Miller, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). When the record is incomplete and does not contain information relevant to a particular issue, this Court may not make a ruling and must presume the correctness of the trial court. See id., 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987); State v. Cooper, 736 S.W.2d 125, 131 (Tenn. Crim. App. 1987). The defendant requests this Court to review the length and manner of service of his sentence. After a review of the record, we conclude the transcripts of the guilty plea submission hearing and sentencing hearing are essential for appellate review. In their absence, we must presume the judgments of the trial court are correct.

### Conclusion

Accordingly, we affirm the judgments of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE