IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2003

**STATE OF TENNESSEE v. JULIUS L. JONES**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 01-12258     W. Fred Axley, Judge**

**No. W2002-02336-CCA-R3-CD  - Filed December 30, 2003**

The defendant was convicted of facilitation of felony murder, a Class A felony, and sentenced to twenty-three years.  The defendant contends on appeal that the trial court erred in 1) allowing testimony by Dozier that the defendant told her the victim had been involved in the robbery because the statement was inadmissible hearsay, and 2) refusing to admit the prior written statement of Dozier into evidence under Tennessee Rule of Evidence 613(b).  We remand for correction of the judgment form to reflect the correct felony classifications.  The judgment of the trial court is affirmed in all other respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed and Remanded for Corrected Judgment**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Christine W. Stephens (on appeal), Memphis, Tennessee, and James T. Allison (at trial), Memphis, Tennessee, for the appellant, Julius L. Jones.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; William L. Gibbons, District Attorney General; and Reginald Henderson and Eric Christensen, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

The defendant, Julius L. Jones, was convicted of facilitation of felony murder, a Class A felony, and sentenced to twenty-three years in the Tennessee Department of Correction.  This appeal timely followed.  The defendant contends on appeal that the trial court erred in 1) allowing testimony by Dozier that the defendant told her the victim had been involved in the robbery because the statement was inadmissible hearsay, and 2) refusing to admit the prior written statement of Dozier into evidence under Tennessee Rule of Evidence 613(b).  The judgment of the trial court is affirmed.

**Facts**

On November 28, 1998, Nathenia Dozier arrived home and discovered that someone had broken into her apartment. Upon entering the apartment, she noticed that the phone lines had been cut. The phones were missing, along with two hundred dollars and a leather jacket. She went to a downstairs apartment and paged an acquaintance, Norman Dixon, and requested that he come to the apartment. Dixon arrived at the apartment in a car being driven by the defendant. The three of them left together and went to the defendant's house.

Shortly after arriving at the defendant's house, the defendant and Dixon left without Dozier and were gone for approximately an hour and a half. When the men returned, they spoke with Dozier, and the defendant told her that as a result of an "investigation" conducted by him and Dixon, they had determined that Maurice Payton and another man had broken into her apartment. Dozier asked the defendant and Dixon if they would accompany her back to her apartment to get a change of clothes so that she could spend the night at the defendant's house. The defendant drove her and Dixon back to Dozier's apartment. After she retrieved clothes from the apartment, the defendant drove the three of them out of the parking lot.

Moments after leaving the parking lot of the apartment complex, Dixon spotted the victim, Maurice Payton, standing near the road. As the defendant pulled alongside the victim, Dixon asked the victim to get into the car, and the victim complied. After a few minutes of conversation, Dixon brandished a gun and asked the victim about breaking into the apartment. The victim told "him everything he wanted to hear." The victim cried and begged as the defendant stopped the car. Dozier exited the car, and the defendant "came after" Dozier. Around that time, Dozier heard a gunshot and realized that Dixon had shot the victim. The defendant asked Dixon why he had not allowed the defendant to be the first one to use his own gun. Thereafter, the defendant and Dixon pulled the victim out of the car and dumped his body beside the road. The victim died of the gunshot wound to his head. The defendant drove Dixon and Dozier back to his house where the defendant and Dixon attempted to clean out evidence of the shooting from the backseat of the car.

The defendant was arrested a few months later and charged with felony murder. After a jury trial, the defendant was convicted of the lesser included offense of facilitation of felony murder and sentenced to twenty-three years in the Tennessee Department of Correction. He now appeals from that conviction.

**Analysis**

The defendant first contends that the trial court erred in allowing testimony by Dozier that the defendant told her the victim had been involved in the robbery, because the statement was inadmissible hearsay. The admissibility of evidence is a matter within the discretion of the trial court and must not be disturbed on appeal absent an abuse of discretion. State v. Ballard, 855 S.W.2d 557, 562 (Tenn. 1993). Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Tenn. R. Evid.

801(c). Generally, hearsay is not admissible; however, numerous exceptions exist to this general rule. See Tenn. R. Evid. 802. The State asserts that the trial court properly ruled that the testimony was admissible hearsay under Rule 803(3), which allows admission of testimony indicating the "declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health)." Tenn. R. Evid. 803(3).

We conclude that the statements complained of were not hearsay. The statements made by the defendant to Dozier were not offered to prove the truth of the matter asserted, whether the victim was actually involved in the robbery, but were offered to show the defendant's state of mind at the time. The defendant's belief that the victim was involved in the robbery was offered to show what provoked him to harm the victim. See State v. Caughron, 855 S.W.2d 526, 537 (Tenn. 1993); State v. Miller, 737 S.W.2d 556, 559 (Tenn. Crim. App. 1987). The court did not err in admitting the testimony by Dozier concerning the statements made by the defendant because they were not hearsay. This issue is without merit.

The defendant next contends that the trial court erred in refusing to admit the prior written statement of Dozier into evidence under Tennessee Rule of Evidence 613(b). As noted in the previous issue, the admission or exclusion of evidence is a matter within the trial court's discretion, and the trial court's decision will not be overturned absent an abuse of discretion. Ballard, 855 S.W.2d at 562. Rule 613(b) states in pertinent part:

> Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require.

Tenn. R. Evid. 613(b). Rule 613(b) allows the introduction of otherwise inadmissible extrinsic evidence for impeachment purposes only and not as substantive evidence. State v. Martin, 964 S.W.2d 564, 567 (Tenn. 1998) (citation omitted). Extrinsic evidence is inadmissible unless the "witness either denies or equivocates as to having made the prior inconsistent statement." Id. "Accordingly, the admissibility of the extrinsic evidence is contingent upon whether the witness admits or denies having made the prior inconsistent statement." Id. As the State correctly points out, the witness unequivocally admitted making the prior statements. She did clarify some of the alleged inconsistencies, but never denied making the statements. The trial court did not err in refusing to admit the prior statement of Dozier. This issue is without merit.

The defendant also generally avers, without citing any authority, that the prior statement of Dozier should have been admitted, because "defense counsel was somewhat limited by the trial judge as to what he could ask Dozier about her prior inconsistent statement." The right to effectively cross-examine is fundamental; however, the propriety, scope, and control of cross-examination are left to the sound discretion of the trial judge. State v. Dishman, 915 S.W.2d 458, 463 (Tenn. Crim. App. 1995). We will not interfere with the exercise of that discretion absent a clear and plain abuse. See State v. Fowler, 213 Tenn. 239, 373 S.W.2d 460, 464 (1963). The trial court did not allow the defendant to cross-examine Dozier concerning certain statements made by Dixon. Earlier in the trial,

the court sustained an objection by the defendant to the admission of these statements. The court stated that it would not allow testimony that it had already ruled inadmissible hearsay in sustaining an objection by the defendant to now be brought in by the defendant through the prior statement of Dozier. The trial court did not abuse its discretion in limiting the scope of cross-examination. This issue is without merit.

The judgment form incorrectly indicates that the defendant was charged with felony murder, a Class A felony, and convicted of facilitation of felony murder, a Class B felony. Felony murder is first degree murder. Tenn. Code Ann. § 39-13-202. The defendant was convicted of the lesser included offense of facilitation of felony murder, which is an offense of the next class below felony murder, a Class A felony. Id. § 39-11-403. The judgment form should have reflected that the defendant was charged with first degree murder and convicted of a Class A felony. We remand for correction of the judgment form to reflect the correct felony classifications.

## Conclusion

We remand for correction of the judgment form to reflect the correct felony classifications. Based on the foregoing and the record as a whole, the judgment of the trial court is affirmed in all other respects.

_____
JOHN EVERETT WILLIAMS, JUDGE