# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 11, 2012

## JAMIE SCOTT MOORE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F58884  Don R. Ash, Judge**

---

**No.  M2012-00049-CCA-R3-HC - Filed October 18, 2012**

---

Petitioner, Jamie Scott Moore, pled guilty in Rutherford County to two counts of attempted sale of methamphetamine on October 6, 2006.  As a result, he was sentenced to six years at thirty percent as a Range I, standard offender on each offense, to be served concurrently with each other.  Petitioner was to serve 270 days prior to release on probation.  As part of the plea agreement, Petitioner agreed that on his first violation of probation he would waive any application for a suspended sentence and serve the sentence in its entirety.  Petitioner filed a petition for writ of mandamus in which he argued that he was "prematurely and illegally released" before serving all 270 days of the agreed sentence.  After a hearing on the petition, the trial court denied the petition.  Petitioner appeals.  After a review of the record, we determine that Petitioner has failed to support his argument with authority, failed to present the court with an adequate record for review, and sought an appeal to this court from the denial of a writ of mandamus, a right not prescribed in Tennessee Rule of Appellate Procedure 3(b).  Consequently, the appeal is dismissed, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed; Appeal Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

Jamie Scott Moore, Pro Se, Murfreesboro, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; William Whitesell, District Attorney General, and Jennings Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

From the scant record supplied to this Court on appeal, we have determined that Petitioner pled guilty to two counts of the attempted sale of methamphetamine in Rutherford County on October 6, 2006. The judgment forms indicate that Petitioner was sentenced to six years at 30% as a Range I, standard offender. The judgment forms indicate that Petitioner was to serve 270 days in incarceration prior to suspension of the remainder of the sentence. The judgment indicated that Petitioner was ordered to serve the balance of the sentence on "state probation" and noted that Petitioner "agrees on his first violation of probation he will waive any and all application for suspended sentence and serve out his sentence in its entirety."

On September 7, 2011, Petitioner filed a "Petition for Writ of Mandamus" in which he called upon the trial court to "enforce the plea contract." Specifically, Petitioner alleged that he was released on January 4, 2007, only 90 days after the entry of his guilty pleas. Petitioner claimed that his probation was revoked and his sentence was placed back into effect on December 7, 2010. At that time, Petitioner stated that the trial court ordered Petitioner to receive 270 days of jail credit "which was never actually served." As a result of the trial court's error, Petitioner contends that "he was prematurely and illegally released" and "wrongfully placed on probation before he had the opportunity to serve the 270 days of incarceration" as required by the original plea agreement. As a result, Petitioner asked the court to enforce the plea agreement and grant Petitioner suspension of his sentence after service of 270 days.

The trial court held a hearing on the motion. The transcript of the hearing does not appear in the record on appeal. The trial court denied the grant of the writ in an order entered on January 5, 2012. In the order, the trial court summarized Petitioner's argument as follows:

> The Petitioner argues that being released from jail early before he served his 270 days is a "direct breach of the plea agreement." Thus, the Petitioner argues, he is entitled to the suspension of his sentence because he has not served the 270 days originally required in his plea agreement. The Petitioner further claims his violation of probation is "rendered moot" because he was "illegally on probation to begin with." Lastly, the Petitioner argues he was denied the correctional treatment which "would have substantially enhanced his capacity to lead a law-abiding life on probation" when he was prematurely released. Essentially, at the hearing, the Petitioner claimed if he

would have been able to serve those additional approximate 180 days, then he might not have violated his probation approximately three years later.

The trial court concluded that "the facts do not show a clear and specific legal right to be enforced or a duty which ought to be and can be performed" and denied the writ. Petitioner filed a premature notice of appeal.

*Analysis*

On appeal, Petitioner insists that the trial court erred by denying the writ of mandamus because his release prior to the expiration of 270 days in incarceration was a mistake that rendered his plea agreement void. The State disagrees, arguing: (1) that Petitioner has no right of appeal from the denial of the writ of mandamus; (2) that Petitioner failed to provide an adequate record on appeal for this Court's review; and (3) that even if this Court were to construe the petition as a petition for habeas corpus, it should be denied.

At the outset, we note that Petitioner has waived his appellate issue because the record on appeal did not include: (1) the transcript of the hearing on the writ of mandamus; (2) the transcript of the guilty plea hearing; (3) the transcript of the probation revocation hearing; or (4) the order revoking probation. It is well-settled that it is the duty of the appellant to prepare a record that conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues that form the basis for the appeal. Tenn. R. App. P. 24(b); *State v. Thompson*, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000); *State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). In the absence of an adequate record, this Court must presume the correctness of the trial court's ruling. *State v. Bibbs*, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991).

Additionally, Petitioner fails to cite any authority on appeal that would entitle him to relief. Tennessee Rule of Appellate Procedure 27(a)(7) provides that a brief shall contain "[an] argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . . relied on." Tennessee Court of Criminal Appeals Rule 10(b) states that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." *See also State v. Sanders*, 842 S.W.2d 257 (Tenn. Crim. App.1992) (determining that issue was waived where defendant cited no authority to support his complaint). Petitioner fails to cite any authority to support his argument.

Moreover, we can find no proscribed right of appeal to this court from the denial of a writ of mandamus in Tennessee Rule of Appellate Procedure 3(b). The rule provides:

-3-

In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36, Tennessee Rules of Criminal Procedure, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

An appeal to this Court from the denial of the writ of mandamus is not included in the rule, and we have not been directed to any other authority authorizing an appeal of a mandamus action to this Court.

As a result of Petitioner's failure to provide an adequate record on appeal, failure to cite to authority for his argument, and failure to appeal from an event described in Tennessee Rule of Appellate Procedure 3(b), Petitioner's appeal is dismissed.

*Conclusion*

For the foregoing reasons, the appeal is dismissed.

_____
JERRY L. SMITH, JUDGE