IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2022

## STATE OF TENNESSEE v. JOEL EDWARD SCOTT

**Appeal from the Circuit Court for Hardin County**
No. 8522    Charles C. McGinley, Judge

_____

#### No. W2021-00169-CCA-R3-CD

_____

On December 4, 2006, the Defendant entered a guilty plea to rape of a child and received an agreed seventeen-year, six-month sentence in the Tennessee Department of Correction. On January 11, 2021, the Defendant filed a Motion to Correct Judgment pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure, claiming that he had not received all the pre-trial jail credit he was owed. After review, the trial court denied the Defendant's motion. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR, and J. ROSS DYER and., JJ., joined.

Joel Edward Scott, Only, Tennessee, Pro Se, for the appellant, Joel Edward Scott.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Matthew F. Stowe, District Attorney General; and Vance W. Dennis, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

The Defendant filed a Rule 36 motion, claiming that there was a clerical error that resulted in jail credit not being fully noted on the judgment sheet after he entered a guilty plea to rape of a child. The Defendant alleged that he was denied jail credit for a period of time when he was in the county jail but in federal custody. Upon review, the trial court found that the original judgment correctly showed the Defendant's jail credit and dismissed

the motion without an evidentiary hearing. In a timely appeal to this court, the Defendant argues that the trial court erred by summarily dismissing his motion without affording him an evidentiary hearing so he could present proof that his jail credit was incorrectly calculated. The State argues that the Defendant's appeal should be denied because the Defendant has not filed a copy of the transcript of the sentencing hearing and cannot, therefore, establish that there was a clerical error in his judgment. The State further argues that the trial court was correct in finding that the Defendant's jail credit was properly noted on the judgment. We agree with the State. The jail credit the Defendant seeks was for time he was serving in federal custody. Therefore, it would be "double counting" to give him this credit on his State case.

## ANALYSIS

Rule 36 of the Tennessee Rules of Criminal Procedure provides a means for the State, the Defendant, or the court to correct clerical errors in a judgment. The Rule states:

> After giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission. Upon filing of the corrected judgment or order, or upon the court's denial of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

*Id.*

In his motion, the Defendant alleges that his judgment is incorrect because the clerk did not award all the jail credit that the Defendant had accrued in the case. To support his claim, the Defendant filed copies of his judgment sheet as well as a document from the Hardin County Jail showing the date he was housed in that institution. As noted by the State, the Defendant did not file a copy of the transcript of the sentencing hearing. Without the transcript, the Defendant cannot show that the judgment incorrectly reflects the sentence the trial court ordered. "To determine whether a clerical error has been made, a court ordinarily must compare the judgment with the transcript of the trial court's oral statements." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015) (citing *State v. Moore*, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991)). "It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what transcribed in the trial court with respect to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *State v. Oody,* 823 S.W.2d 552, 559 (Tenn. Crim. App. 1991) (citing *State v. Miller,* 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987)). Without the transcript, the Defendant is unable to show that the court erred in denying his motion to correct clerical error.

## CONCLUSION

After review and finding no error, the judgment of the trial court is affirmed.

_____
JOHN W. CAMPBELL, SR., JUDGE