IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 19, 2003

## DONALD TERRY MOORE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 94B-1017      Cheryl Blackburn, Judge**

---

### No. M2002-02417-CCA-MR3-PC - Filed May 21, 2004

---

The petitioner, Donald Terry Moore, appeals the denial of his petition for post-conviction relief. In this appeal, he asserts that (1) he did not receive the effective assistance of counsel and (2) the post-conviction court erred by denying his motion to re-open the petition after the close of proof. The judgment of the post-conviction court is affirmed.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

C. LeAnn Smith (on appeal) and Jefre Goldtrap (at trial), Nashville, Tennessee, for the appellant, Donald Terry Moore.

Paul G. Summers, Attorney General & Reporter; P. Robin Dixon, Jr., Assistant Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In June of 1995, the petitioner was convicted of one count of rape of a child, one count of aggravated assault, and two counts of assault. Our supreme court affirmed the convictions and resulting sentences on direct appeal. State v. Moore, 6 S.W.3d 235 (Tenn. 1999). The conviction for rape of a child related to an incident wherein the petitioner entered the bedroom of his step-daughter, L.G., placed his hand over her mouth, removed her clothing, and "'put his tongue on [her] private.'" Id. at 238. The remaining convictions relate to a series of events that occurred several months later. The petitioner, who had been drinking, entered L.G.'s bedroom and attempted to choke her. The petitioner's wife heard the commotion and went to investigate. When she entered the room, the petitioner struck her in the head with a hammer and forced the two into the basement of the residence. He then tied his wife to a pole, struck her again with a hammer, and went upstairs, taking L.G. with him. The petitioner placed his finger in L.G.'s vagina and then forced her to her knees before placing his penis in her mouth. The petitioner's wife, who had by then managed to free

herself, grabbed the petitioner and the two struggled for possession of the hammer. The petitioner regained control of the weapon, forced the two females into a corner of the dining room, poured beer on them, and then urinated in their faces.

I

In this appeal, the petitioner asserts that he did not receive the effective assistance of counsel at trial or on appeal. Specifically, he claims that his two attorneys were ineffective for failing to obtain and test a sample of fluids swabbed from the mouth of L.G.; failing to ask for a mistrial after state witness Leon Gardner testified about a prior bad act; failing to adequately investigate and cross-examine Leon Gardner; failing to adequately cross-examine the investigating officers and the TBI serologist; failing to exploit during closing argument a "conspicuous flaw" in the state's case; and failing to raise on direct appeal the trial court's failure to instruct on certain lesser included offenses. The petitioner also asserts that his trial counsel prevented him from testifying on his own behalf.

In a twenty-seven page order, the post-conviction court determined that neither Attorney Charles Ray nor Attorney Dennis Hughes ineffectively represented the petitioner. Further, the post-conviction court found that many of the grounds for relief raised in the petition had been presented and rejected on direct appeal and were, therefore, previously determined. See Tenn. Code Ann. § 40-30-206(h) (1997).[1]

With regard to the petitioner's claim that his trial counsel should have obtained a fluid sample for DNA testing, the post-conviction court determined that the petitioner had failed to establish that he was prejudiced because the results of DNA testing conducted by the state were inconclusive rather than inculpatory. With regard to the claims concerning the testimony of Leon Gardner, the post-conviction court determined that because a curative instruction was given after the offending testimony, a mistrial was not warranted. The post-conviction court determined that the petitioner failed to establish that "had trial counsel investigated the issue of whether [Leon Gardner] was . . . the perpetrator, such an investigation would have yielded the evidence the [p]etitioner claims exists." The post-conviction court concluded that trial counsel "attacked the credibility of the testimony presented by the [s]tate's witnesses in every conceivable way." The post-conviction court also observed that questioning of Attorney Ray at the evidentiary hearing "revealed his extensive knowledge of the case."

Under our statutory law, the petitioner bears the burden of proving the allegations in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f) (1997). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). On appeal, the findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that

---

[1]In 2003, the Post-Conviction Procedure Act was renumbered within the Code. It now appears at sections 40-30-101 through 40-30-122.

the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the post-conviction court. Bates v. State, 973 S.W.2d 615 (Tenn. Crim. App. 1997).

Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see also State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

A petitioner seeking post-conviction relief on the basis of ineffective assistance of counsel must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In this instance, the petitioner has failed to include in the record a transcript of the hearing on his post-conviction petition. After the docketing of the case and the assignment for disposition, this court ordered that the record be supplemented with the transcript of the evidentiary hearing within fifteen days. The clerk of the trial court failed to comply with the order within the time specified and did not seek an extension of time for filing the supplement. Despite being given notice that the record was inadequate, the petitioner did not ask for supplementation. Over one month after its due date, a transcript of the evidentiary hearing was sent to this court by the clerk of the trial court. Because the filing of the transcript was not timely, the staff attorney for this court contacted

counsel for the petitioner and asked that she file a motion to late file the transcript as a supplement. No action has been taken.

It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); Groseclose v. State, 615 S.W.2d 142 (Tenn. 1983); State v. Miller, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). In the absence of an adequate record on appeal, this court must presume that the rulings of the post-conviction court were correct. State v. Keen, 996 S.W.2d 842 (Tenn. Crim. App. 1999); Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979). Because the petitioner failed to include the transcript of the evidentiary hearing which was the basis for the post-conviction court's ruling, our duty is to presume that the evidence does not preponderate against the post-conviction court's determination that the petitioner received the effective assistance of counsel. Further, there is no indication that the contents of the transcript lodged would have required a different result.

II

The petitioner also asserts that the post-conviction court erred by denying his motion to reopen the petition after the close of proof. The state submits that the petitioner has failed to satisfy the requirements for reopening the petition.

Tennessee Code Annotated section 40-30-202 provides, in pertinent part, that "[a] petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-217." Tenn. Code Ann. § 40-30-102(c) (1997). Section 40-30-217 provides that motions to reopen are appropriate only in the following circumstances:

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in that case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

Tenn. Code Ann. § 40-30-217(a) (1997). Further, that statute sets forth the following procedural guidelines for the filing of motions to reopen:

> (b) The motion must set out the factual basis underlying its claims and must be supported by an affidavit. The factual information set out in the affidavit shall be limited to information which, if offered at an evidentiary hearing, would be admissible through the testimony of the affiant under the rules of evidence. The motion shall be denied unless the factual allegations, if true, meet the requirements of subsection (a). If the court grants the motion, the procedure, relief and appellate provisions of this part shall apply.
> (c) If the motion is denied, the petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion. The state shall have ten (10) days to respond. The court of criminal appeals shall not grant the application unless it appears that the trial court abused its discretion in denying the motion. If it determines that the trial court did so abuse its discretion, the court of criminal appeals shall remand the matter to the trial court for further proceedings.

Tenn. Code Ann. § 40-30-217(b)-(c) (1997).

Besides the petitioner's having satisfied none of the requirements for a motion to reopen, his request does not qualify as a motion to reopen because the petition had not been "closed." At the time the petitioner filed his motion, only two days after the original evidentiary hearing on his petition, the post-conviction proceeding had not been concluded because the post-conviction court had not yet made a determination as to the merits of the claims. In consequence, the request would not be governed by the guidelines of Tennessee Code Annotated section 40-30-117.

"It is well settled that permitting additional proof, after a party has announced that proof is closed, is within the discretion of the trial court, and unless it appears that its action in that regard has permitted injustice, its exercise of discretion will not be disturbed on appeal." Simpson v. Frontier Community Credit Union, 810 S.W.2d 147, 149 (Tenn. 1991) (citing State v. Bell, 690 S.W.2d 879, 882 (Tenn. Crim. App. 1985)). "Unless the evidence sought to be introduced on a motion to reopen proof is such as would show a different result would probably occur, the action of the trial judge in refusing to reopen the proof will not be set aside." Bell, 690 S.W.2d at 882.

Here, the petitioner sought to reopen the proof to present additional evidence regarding "a conflict of interest that related to the fact that trial counsel for [the petitioner] . . . was under investigation by the District Attorney's office." After conducting a hearing on the motion, the post-conviction court made the following determination:

> Okay, well, you have not even raised a specter of a reason why I need to reopen this case. . . . There is mere speculation that the mere fact that [trial counsel]

-5-

might have known, which I think we could all take almost [j]udicial note that he would not know he was under investigation for bribery, and that nobody would have told him, that I feel quite confident that the DA's office certainly didn't tell the Trial Judge. If they had, the Trial Judge then wouldn't have any obligation to interrupt a relationship, unless it had something to do with a particular case which was before the Court, which clearly it didn't in this case. [Trial counsel] was not ever accused of doing anything in [the petitioner's] case.

The petitioner has failed to establish that the outcome of his post-conviction proceeding would have been different had the post-conviction court permitted additional proof. In consequence, he is not entitled to relief on this issue.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE