IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 18, 2004

## STATE OF TENNESSEE v. JIMMY RAY DOCKERY

**Appeal from the Criminal Court for Sullivan County**
**No. S45,847      Phyllis H. Miller, Judge**

---

**No. E2004-00696-CCA-R3-CD - Filed November 30, 2004**

---

The defendant, Jimmy Ray Dockery, appeals the Sullivan County Criminal Court's decision to deny probation on his two-year sentence for attempt to fraudulently obtain a controlled substance. Based on our review of the record, we affirm the judgment.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

John D. Parker, Jr., Kingsport, Tennessee, for the Appellant, Jimmy Ray Dockery.

Paul G. Summers, Attorney General & Reporter; Kathy D. Asligner, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Barry P. Staubus and Carey Taylor, Assistant District Attorneys General, for the Appellee, State of Tennessee.

### OPINION

The defendant pleaded guilty to an attempt to fraudulently obtain a controlled substance, a Class D felony. *See* Tenn. Code Ann. § 53-11-402(a)(3), (b)(1) (Supp. 2003). Based upon the allegations set forth in the indictment, the offense emanated from the defendant's attempt to obtain Lortab via the use of a bogus prescription. The defendant agreed to a $2,000 fine and a two-year sentence. The defendant and the state agreed to submit the determination of the manner of service of the sentence to the trial court. Following a sentencing hearing, the trial court ordered the sentence to be served in the Department of Correction. On appeal, the defendant claims that the trial court erred in failing to grant probation. We disagree and affirm the judgment.

When there is a challenge to the manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing

principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." *Id.* In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo*. *Id.* If appellate review, however, reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The mechanics of arriving at an appropriate sentence are spelled out in the Criminal Sentencing Reform Act of 1989. In the present case, the trial court accepted the range classification and length of sentence negotiated by the parties, and the court merely determined the manner of service of the two-year sentence. In making this determination, the court is required to consider (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b); -35-103(5) (2003).

The defendant is a standard offender convicted of a Class D felony. As such, he is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. *See id.* § 40-35-102(6) (2003). However, this presumption does not entitle all offenders to an alternative sentence; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). The presumption of favorable candidacy for alternative sentencing may be rebutted, for instance, by a showing that confinement may be necessary to "protect society by restraining a defendant who has a long history of criminal conduct" or that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." *See* Tenn. Code Ann. § 40-35-103(1)(A), (C) (2003).

In the present case, the defendant claims that he should have been granted full probation. To be sure, he was eligible for probation. *See id.* § 40-35-306(2) (2003). However, the determination of entitlement to full probation necessarily requires a separate inquiry from that of determining whether a defendant is entitled to a less beneficent alternative sentence. *See State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1 (Tenn. 2000). A defendant is required to establish his "suitability for full probation as distinguished from his favorable candidacy for alternative sentencing in general." *State v. Mounger*, 7 S.W.3d 70, 78 (Tenn. Crim. App. 1999); *see* Tenn. Code Ann. § 40-35-303(b) (2003); *Bingham*, 910 S.W.2d at 455-56. A defendant seeking full probation bears the burden of showing that probation will "subserve the ends of justice and the best interest of both the public and the defendant." *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1 (Tenn. 2000).

In the present case, we are hampered in conducting our prescribed *de novo* review of the sentencing determination because the defendant failed to include in the appellate record the transcript of the plea submission hearing. *See, e.g., State v. Linda Gail Philpot*, No. M2000-01999-CCA-R3-CD, slip op. at 2 n.2 (Tenn. Crim. App., Nashville, May 2, 2001); *State v. Gibson*, 973 S.W.2d 231, 244 (Tenn. Crim. App. 1997); *State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). This transcript would have been instructive because during the plea colloquy the court receives a statement of the facts supporting the proposed conviction. *See* Tenn. R. Crim. P. 11(f). A statement of facts rendered pursuant to Rule 11(f) would be helpful in understanding the nature and circumstances of the offense, and as noted above, information about the nature and circumstances of the offense is typically essential in adjudicating a manner-of-service sentencing issue. *See* Tenn. Code Ann. §§ 40-35-210(b)(4); -35-103(1)(B) (2003). Thus, in the absence of a full and fair record revealing the bases for the appeal, we must presume the correctness of the trial court's determination. *State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). The rule is apt here, where no testimony was presented at the sentencing hearing. The state relied upon a presentence report, but the trial judge apparently also relied upon personal, historical experience with the case. We surmise that some of that experience was gained during the plea submission hearing, the transcript of which we do not have.

That said, we observe that the trial court duly referred to, and relied upon, the sentencing principles and guidelines. As such, the defendant's appeal is also hampered by the statutory presumption of correctness of the sentencing determination. *See* Tenn. Code Ann. § 40-35-401(d) (2003). The denial of probation was, in part, based upon the defendant's prior criminal record and a previous revocation of his probation on a felony conviction. The defendant received 1997 convictions of possession of a firearm by an intoxicated person, public intoxication, three counts of theft, and five counts of attempt to commit theft. Significantly, the defendant was also convicted in 1997 of an attempt to fraudulently obtain a controlled substance, the same type of offense that is the basis of the sentence now under review. In that 1997 conviction, the defendant received a probated two-year sentence. The resulting five-year probation was revoked on November 11, 2002, based upon the 2001 filing of drug charges and failure to notify the probation officer of the defendant's change of address.

Although the defendant enjoyed the presumption of favorable candidacy for alternative sentencing, the record reveals two solid bases for overcoming the presumption: (1) that confinement is necessary to restrain a defendant who has a long history of criminal conduct and (2) that measures less restrictive than confinement have recently been applied unsuccessfully to the defendant. *See* Tenn. Code Ann. § 40-35-103(1)(A), (B) (2003). Thus, based on the record that is before us, we fail to see any basis that overcomes the statutory presumption of the correctness of the denial of an alternative sentence.

_____
JAMES CURWOOD WITT, JR., JUDGE

-3-