IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 1, 2015

## STATE OF TENNESSEE v. ABDUJUAN M. NAPPER

**Appeal from the Circuit Court for Montgomery County**
**Nos. 41100355, 41100356, 41200773 & 41200884     William R. Goodman III, Judge**

---

**No. M2015-00703-CCA-R3-CD – Filed January 21, 2016**

---

The Defendant, Abdujuan M. Napper, appeals the Montgomery County Circuit Court's order revoking his probation in case numbers 41100355 and 41100356 for his convictions for possession of marijuana, possession of drug paraphernalia, and misdemeanor vandalism and ordering him to serve the remainder of his effective sentence of three years, eleven months, and twenty-nine days in confinement. The Defendant also appeals the trial court's sentencing determinations in related case numbers 41200773 and 41200884. The Defendant pleaded guilty in case number 41200773 to possession with the intent to sell 0.5 ounce or more of marijuana and received a three-year sentence. The trial court ordered the Defendant to serve his sentence in confinement and imposed consecutive service to the sentences in case numbers 41100355 and 41100356. The Defendant also pleaded guilty in case number 41200884 to unlawful possession of a firearm and to misdemeanor domestic assault. The trial court imposed concurrent sentences of three years for the weapon-related conviction and eleven months, twenty-nine days for the assault-related conviction. The court ordered the sentences be served consecutively to the sentence in case number 41200733, for an effective sentence of thirteen years. The Defendant later sought to withdraw his guilty pleas, which the trial court denied. On appeal, the Defendant contends that trial court erred by (1) failing to consider the appropriate purposes and principles of sentencing and (2) denying his motion to withdraw his guilty pleas. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT L. HOLLOWAY, JR., JJ., joined.

Samuel Knolton, Jr. (on appeal and motion to withdraw guilty pleas), Allen Thompson (at sentencing hearing), and Julie Bratton-Reyes (at guilty plea hearing), Clarksville, Tennessee, for the appellant, Abdujuan M. Napper.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; John W. Carney, District Attorney General; and Helen Young, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Although the guilty plea hearing transcript is not contained in the appellate record, the record reflects that on December 1, 2011, the Defendant pleaded guilty in case number 41100355 to possession of marijuana and to possession of drug paraphernalia. The trial court sentenced the Defendant as a Range II, multiple offender to consecutive terms of three years for the possession of marijuana conviction and to eleven months, twenty-nine days for the drug paraphernalia conviction, for an effective sentence of three years, eleven months, and twenty-nine days to be served on probation. Likewise on December 1, 2011, the Defendant pleaded guilty in case number 41100356 to misdemeanor vandalism. The trial court sentenced the Defendant to eleven months, twenty-nine days to be served on probation and ordered the sentence be served consecutively to the effective sentence imposed in case number 41100355.

Although the probation violation report and warrant and the transcript of the probation violation hearing are also not contained in the appellate record, the record reflects that on April 27, 2012, the Defendant pleaded guilty to violating the conditions of his probation in case numbers 41100355 and 41100356. The trial court scheduled a disposition hearing for August 1, 2012. Pending the disposition hearing, the court ordered that the Defendant report weekly to his probation officer, comply with a 10:00 p.m. curfew, and provide proof of attendance at a substance abuse treatment program. However, in July 2012, the Defendant was indicted in case number 41200773 for possession with the intent to sell marijuana and possession of drug paraphernalia. In August 2012, the Defendant was indicted in case number 41200884 for misdemeanor domestic assault, unlawful possession of a firearm as a convicted felon, and criminal impersonation.

On October 26, 2012, the Defendant pleaded guilty to violating the conditions of his probation in case number 41100355 and 41100356, although the probation violation report and warrant and the probation violation hearing transcript are not contained in the appellate record.

On January 25, 2013, a disposition hearing was held relative to the probation violations in case numbers 41100355 and 41100356. The parties agreed that the Defendant would serve the remainder of his sentences but that after the Defendant served one year in confinement, he would enter an in-patient drug and alcohol rehabilitation program. The parties agreed that if the Defendant failed to complete the program successfully, the

-2-

Defendant would serve his sentences in confinement. At the time of the hearing, the Defendant had served the required one year. The Defendant told the trial court that he understood the terms of the agreement and that he would serve three years, eleven months, and twenty-nine days in confinement if he failed to complete the drug and alcohol treatment program successfully. Pursuant to the plea agreement, the trial court found that the Defendant had violated the conditions of his probation, revoked his probation, and ordered him to serve his sentences in confinement. The court, though, entered an order granting the Defendant's request for a furlough to enter a drug and alcohol treatment program at Safe Harbor.

Also at the January 25, 2013 disposition hearing, the Defendant pleaded guilty in case number 41200773 to possession with the intent to sell 0.5 ounce or more of marijuana in exchange for a four-year sentence as a Range II, multiple offender, with the manner of service to be determined by the trial court. The trial court would also determine whether the four-year sentence would be concurrent or consecutive to the probation violation sentences in case numbers 41100355 and 41100356. The court told the Defendant that its determination regarding the manner of service depended on the outcome of the drug and alcohol treatment program, and the Defendant said he understood the agreement. In case number 41200884, the Defendant pleaded guilty to unlawful possession of a weapon and misdemeanor domestic assault. Although the record reflects the parties and the trial court had an extensive discussion about the length of the weapon-related sentence, the prosecutor ultimately told the court that the parties "simply agree to four" years as a Range II, multiple offender. The plea agreement stated that Defendant would receive a sentence of eleven months, twenty-nine days for the assault-related conviction, which would be consecutive to the weapon-related sentence. The trial court would determine the manner of service for each conviction and determine whether the weapon-related sentence would be consecutive to the sentence in case number 41200773 because the Defendant was on bond at the time the offenses in case number 41200884 were committed. The parties agreed to defer the sentencing hearing for each case until the Defendant completed the drug and alcohol treatment program.

The State's recitation of the facts relative to case numbers 41200773 and 41200884 reflect that

> [on January 22, 2012], officers of the Clarksville Police Department made a traffic stop. Mr. Napper was the driver of the vehicle. They noticed a pipe in the ashtray I think and possibly some green plant material, but a search of the vehicle revealed . . . two baggies of marijuana that weighed in excess of seventeen grams . . . there were also digital scales, rolling papers and some other paraphernalia found. When he was on bond for that, on May 24[th], officers got called to a domestic call, I believe it was [the victim] who lived

with the [D]efendant at that time, advised officers they had been fishing and they were driving home, got into an argument, she stated the Defendant had a gun. She described it as being an automatic . . . and stated that while they were arguing, he pulled the gun out so she could see it and stuck it in his waistband but at some time made a comment about . . . they won't find you when I am done with you. Something to that nature. She . . . called the police.

When the police arrived, Mr. Napper was gone, but she advised them what had taken place . . . [and] described the gun. A short time afterwards, I believe it was about an hour and a half, officers had information perhaps he was at a neighbor's house. They went there to try to serve a domestic warrant that afternoon. When they arrived, the neighbor told them that Mr. Napper had been there, that he had talked to her husband and that he had left. She said that while he was talking to her husband, she noticed him bend down and put something in the flower bed or in the shrub. . . . After Mr. Napper left, she went to see what it was. It was a backpack that belong[ed] to Mr. Napper and inside it was the green automatic gun that fit the description of the domestic assault [the] victim had described. It was sent to the lab and . . . the gun was identified.

The trial court instructed the Defendant that his primary tasks were to complete the drug and alcohol treatment program successfully and not to commit any new offenses. The court advised the Defendant of his right to plead not guilty and to proceed to a trial in case numbers 41200773 and 41200884. The court also advised the Defendant of the State's burden at a trial. The Defendant said that he understood those rights and that by pleading guilty he was waiving those rights. The Defendant also understood his rights to cross-examine and subpoena witnesses at a jury trial, not to testify at a trial, and to appeal his convictions and the length of his sentences. The Defendant said he understood he was waiving those rights by pleading guilty. The Defendant stated that it was in his best interest to enter guilty pleas in each case and that he understood any false statements at the hearing would subject him to aggravated perjury charges. The Defendant understood that his convictions could be used to enhance any future sentence. The Defendant did not have any questions for the court and entered guilty pleas consistent with the negotiated plea agreement.

On August 23, 2013, the trial court entered an order granting the Defendant's request to "extend his probation." The court ordered the Defendant to "begin regular reporting to probation" and extended the furlough to November 12, 2013, relative to case numbers 41100356, 41200773, and 41200884. The court returned the Defendant to probation in case number 41100355 for the balance of his sentence. On November 12, 2013, the trial court entered an order relative to case numbers 41100356, 41200773, and 41200884 extending the

furlough to January 8, 2014, based upon the Defendant's having successfully completed the in-patient drug and alcohol treatment program. The court also ordered the Defendant to continue reporting to his probation officer in case number 41100355.

The record reflects that the next court appearance was a March 9, 2015 disposition hearing relative to the probation violations in case numbers 41100355 and 41100356 and a sentencing hearing relative to case numbers 41200773 and 41200884. A presentence report was received as an exhibit. The report reflects that the Defendant did not report for his presentence investigation interview but had previously told his probation officer that he had made poor decisions, which ultimately had helped him "grow into a better man." The Defendant had previous convictions for public intoxication, interference with an emergency call, making terroristic threats, two counts of domestic violence, two counts of possession of a controlled substance, introduction of contraband in a penal facility, causal exchange, and felony theft. The report states that the Defendant had a "history of unwillingness to comply" with the conditions of probation. The Defendant successfully completed the drug and alcohol treatment program in July 2013. Although the report reflects that the Defendant was in good health, it reflects that the Defendant was previously diagnosed with bipolar and schizoaffective disorders. The Defendant previously reported first drinking alcohol at age seventeen but denied drinking alcohol at the time of any of the offenses.

The Defendant testified that he had been in Marshall County custody since April 22, 2014, for a felony evading arrest charge, that he had pleaded guilty, and that he was awaiting sentencing. He said the charge was the result of his making an illegal right turn when he was driving to his mother's home. The Defendant said a police officer turned on his blue lights, and the Defendant admitted he did not stop before arriving at his mother's home. He denied attempting to evade the police.

The Defendant testified relative to the drug-related charge in case number 41200773 that the marijuana weighed about 13.0 grams, although the general sessions warrant stated the weight was 14.75 grams. Defense counsel noted 0.5 ounce was the equivalent of 14.185 grams. Relative to case number 41200884, the Defendant stated that he was told the weapon used during the assault-related incident was found in a backpack lying near a shrub at a neighbor's house, which was close to where the victim lived. He said the victim was the mother of his child. Although he agreed his signature was on the January 25, 2013 plea agreement documents, he said he thought he was pleading guilty to the drug-related charge in case number 41200773 and to the violations of probation in case numbers 41100355 and 41100356. He said he did not think he was pleading guilty to the weapon- and assault-related charges in case number 41200884.

The Defendant testified that he completed the in-patient drug and alcohol treatment program in August 2013, that he appeared in court for a review date, and that his furlough was extended to November 12, 2013. The Defendant said that he appeared in court on November 12 and that his furlough was extended to January 2014, with the conditions that he continue to report to his probation officer and that he maintain good behavior. He said, though, that on December 3, 2013, a probation violation report was filed based upon an analysis of his urine showing the presence of marijuana and cocaine. The Defendant admitted he smoked marijuana but did not know it was "laced" with cocaine. He denied using cocaine and said his drug of choice was marijuana. He agreed he knowingly smoked marijuana on December 3, and he said it was a mistake and a violation of the conditions of his probation in case numbers 41100355 and 41100356.

The Defendant testified relative to the guilty pleas he entered on January 25, 2013, that he understood that he would receive an effective eight-year sentence for pleading guilty in case numbers 41200773 and 41200884 and that he would be a candidate for community corrections. He wanted the trial court to place him on community corrections because he felt he was a different person but still had "some growing up to do." He said that at the time of the hearing, he was a new father and had a better support system, which included his mother. He said he had turned around his life and had given his life to God during his time at the drug and alcohol treatment program. He asked the court for the opportunity to prove he was a changed man and to show that God led his life. He said that he had served two years' confinement in these matters and that he wanted the opportunity to prove to the court, his mother, and his children that he could be a productive member of society.

On cross-examination, the Defendant testified that at age eighteen, he was convicted of theft and simple possession and that at age twenty-two, he was convicted of bringing marijuana inside a penal facility. He agreed that in 2004, he was convicted of domestic assault and served one year in jail and twenty months on probation and that in 2005, he served three years in prison and five years on probation for a drug-related conviction. He said the domestic violence, making a terroristic threat, and interfering with an emergency call convictions were related to his former wife. He said that at the time of his public intoxication conviction, he was going through a difficult time because his son had his arm amputated.

The Defendant testified that he pleaded guilty in case numbers 41100355 and 41100356 on December 1, 2011, and that eight days later he admitted to his probation officer that he had been smoking marijuana while in jail. He agreed he was arrested relative to case number 41200773 for possession with the intent to sell marijuana and possession of drug paraphernalia on January 22, 2012. Although he could not recall working during that time, he denied selling marijuana. He agreed that a violation of probation report was filed and that he admitted violating the conditions of his probation on April 27, 2012. He said that he

received an own recognizance bond in case number 41200773 and that he pleaded guilty to committing domestic assault in case number 41200884 while on bond in case number 41200773. Although he said he did not recall pleading guilty to the weapon-related charge in case number 41200884, he agreed the plea agreement reflected his signature. He denied the handgun found in the shrub belonged to him and said he pleaded guilty because his attorney told him he would receive eight years on community corrections.

The Defendant testified that on July 9, 2012, a second probation violation report was filed in case numbers 41100355 and 41100356 and that on October 26, 2012, he pleaded guilty to the violation. The Defendant said he was responsible for his convictions relative to the present cases, except the weapon-related charge. He agreed that on January 25, 2013, he pleaded guilty to violating his probation in case numbers 41100355 and 41100356 and that the trial court ordered him to serve his sentences. The Defendant noted the court granted him a furlough on the same day to attend the in-patient drug and alcohol treatment program. He said the furlough ended in January 2014.

The Defendant testified that in November 2013 and while he was released on a furlough, he failed a drug screen. He agreed his failing the drug screen was his third probation violation in case numbers 41100355 and 41100356. He said that before he could be arrested for the failed drug screen, he was arrested in Marshall County for evading arrest. He agreed he identified himself as his brother to the Marshall County police officers. He said that when the officers were placing handcuffs on his wrists, he turned to tell the officers they were hurting him and that the officers said his movements constituted resisting arrest. He denied he was a violent person in spite of his previous convictions and agreed he had been given multiple opportunities to turn around his life.

The Defendant testified that he last smoked marijuana more than one year before the hearing. He said marijuana was available in the jail but that he had stayed away from it during his most recent incarceration. He said that he planned to stay away from it in the future.

Michelle Napper, the Defendant's mother, testified that the incident in Marshall County was the result of her sending the Defendant to the grocery store and that the Defendant drove through a newly constructed intersection that prohibited a right turn. She provided testimony similar to the Defendant's testimony regarding the Defendant's driving to her home while the police followed. She denied the Defendant ran from the police.

Ms. Napper testified that she moved from Marshall County and returned to Clarksville to be closer to the Defendant because of his legal troubles. She said the Defendant would live with her if released from custody. She denied using controlled substances or drinking

alcohol and said she did not allow illegal drugs in her home. She said she would contact the Defendant's probation officer if the Defendant brought drugs into her home.

On cross-examination, Ms. Napper testified that before the Defendant's first arrest, he was a model student and was offered an athletic scholarship to play football at Ohio State University. She said that in 1999, the Defendant had a mental breakdown and was diagnosed with bipolar and schizoaffective disorders. She said that she had difficulty obtaining the proper medications for the Defendant and that the Defendant began self-medicating with marijuana.

Ms. Napper testified that the Defendant told her that he was on probation and that he had failed a drug screen. She denied, though, that the Defendant was hiding from the police. She said she did not know a warrant for the Defendant's arrest existed, although she knew the Defendant had violated his probation. She said she and the Defendant discussed his turning himself in to the police. She did not know why the Defendant did not list her as family during his initial interview with his probation officer. She said, though, that she refused to visit the Defendant in jail and that her name was not included on the list of jail visitors.

The trial court entered a written order resolving the probation violations in case numbers 41100355 and 41100356 and stating its sentencing determinations in case numbers 41200773 and 41200884. Relative to the probation violations, the trial court found that the Defendant admitted violating the conditions of his release. The court revoked the Defendant's probation in case numbers 41100355 and 41100356. Based upon the Defendant's criminal history and the lack of mitigating factors, the court ordered the Defendant to serve the remainder of his sentences in confinement.

Relative to case number 41200773, the trial court found that after the Defendant pleaded guilty to possession with the intent to sell marijuana, he entered and successfully completed a rehabilitation program. The court found, though, that after completing the program, the Defendant smoked marijuana and that an analysis of his urine showed the presence of marijuana and cocaine. The court ordered the Defendant to serve his sentence in confinement because of the Defendant's failure to participate successfully in probation. Relative to consecutive service, the court found that the Defendant had an extensive criminal history and ordered the four-year sentence be served consecutively to the sentences imposed in case numbers 41100355 and 4100356.

Relative to case number 41200884, the trial court found that the Defendant pleaded guilty to domestic assault and unlawful possession of a weapon. The court stated that pursuant to the plea agreement, the Defendant received eleven months, twenty-nine days for

the assault-related conviction and that the trial court would impose a sentence between two to four years for the weapon-related conviction. The court stated that it would determine if the weapon-related sentence would be consecutive to the assault-related conviction and to the sentence imposed in case number 41200773. The court stated it would also determine the manner of service for each sentence. We note that at the sentencing hearing, the prosecutor told the court it was previously determined that the assault- and weapon-related sentences would be consecutive, but the court found that no such order reflected that determination. In any event, the court ordered the Defendant to serve eleven months, twenty-nine days for the assault-related conviction and to serve three years for the weapon-related conviction. The court ordered the sentences be served concurrently with each other but consecutive to the sentence in case number 41200773.

On March 20, 2015, defense counsel representing the Defendant at the time of the sentencing hearing filed a motion to be relieved as counsel. As a basis for the motion, counsel stated that the Defendant's mother had contacted counsel about the Defendant's desire to withdraw his guilty pleas because the Defendant did not enter knowing and voluntary pleas. Counsel and previous counsel, who represented the Defendant at the guilty plea hearing on January 25, 2013, worked in the same firm, and counsel requested subsequent counsel be appointed to represent the Defendant post-sentencing. The record does not reflect that the trial court entered an order regarding counsel's motion. In the absence of an order, counsel filed a notice of appeal relative to all four cases on April 13, 2015. On April 20, 2015, counsel filed a motion to withdraw the Defendant's guilty pleas or for alternative relief that included a delayed appeal.

On April 14, 2015, the Defendant filed a pro se motion to withdraw his guilty pleas. Although his motion identified all four case numbers, he did not state which guilty pleas he wanted to withdraw. The Defendant argued he was misled and coerced into signing the plea agreement and claimed he received the ineffective assistance of counsel. He stated in his motion that he had no knowledge he was pleading guilty to the "above charges." The Defendant also alleged the plea agreement was altered after he signed it. He stated that he thought he signed documents related to his furlough, not a plea agreement, and that his attorney told him he would receive an effective eight-year sentence on community corrections.

The record reflects that the trial court entered a written order on July 24, 2015, stating that the Defendant's motion to withdraw his guilty pleas was heard on June 4, 2015. The court denied relief after considering the guilty plea hearing transcript, arguments of counsel, and the record as a whole. We note that the transcript of the motion hearing is not included in the appellate record. This appeal followed.

# I

## Sentencing Determinations

The Defendant contends that the trial court failed to consider all of the appropriate principles and purposes in making its sentencing determinations. Although he identifies all four case numbers in his notice of appeal and in his appellate brief, his brief focuses on the offenses for which he was arrested in January and May 2012, which involve case numbers 41200773 and 41200884, respectively. We conclude that the Defendant does not challenge the trial court's determinations in case numbers 41100355 and 4100356. The Defendant's arguments generally focus on the length of the sentences and the service of the sentences in confinement. In his brief, the Defendant does not challenge the court's imposing consecutive service or any particular sentence length. The Defendant argues that the court failed to consider the provisions in Tennessee Code Annotated section 40-35-103 relative to the imposition of incarceration. He argues that confinement was unnecessary because he had successfully completed the rehabilitation program, although he "had a minor setback" and that his sentences were not the least severe measure necessary to achieve the principles and purposes of sentencing because he received the maximum sentences to be served in confinement. Relative to rehabilitation, the Defendant argues that the trial court should have considered his failing only one drug screen and should have placed him in a relapse program.

As a preliminary matter, the guilty plea hearing transcript reflects that the lengths of the sentences were agreed upon by the parties. Relative to case number 41200773, the Defendant agreed to a four-year sentence. Pursuant to the plea agreement, the only determinations for the trial court at the sentencing hearing were the manner of service of the four-year sentence and whether the sentence would be consecutive to the sentences in case numbers 41100355 and 4100356. Because the Defendant does not challenge the imposition of consecutive sentencing, we limit our review to the trial court's ordering the Defendant to serve his four-year sentence in confinement.

Relative to case number 41200884, the guilty plea hearing transcript reflects that the parties agreed to sentences of eleven months, twenty-nine days for the assault-related conviction and to four years for the weapon-related conviction, although the trial court imposed a three-year sentence for the weapon-related conviction after the sentencing hearing. We note that the State does not challenge the court's imposing a three-year sentence, although it is inconsistent with the plea agreement. We also note that although the guilty plea hearing reflects that the assault-related and weapon-related sentences would be consecutive, the trial court imposed concurrent service after the sentencing hearing. Pursuant to the plea agreement, the trial court's only determinations were the manner of service of both sentences and whether the weapon-related sentence would be consecutive to the four-year sentence in

41200773. Because the Defendant does not challenge consecutive service, we limit our review to the trial court's ordering the Defendant to serve his sentences in confinement.

This court reviews challenges to the length and manner of service of a sentence within the appropriate sentence range "under an abuse of discretion standard with a 'presumption of reasonableness.'" *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). A trial court must consider any evidence received at the trial and sentencing hearing, the presentence report, the principles of sentencing, counsel's arguments as to sentencing alternatives, the nature and characteristics of the criminal conduct, any mitigating or statutory enhancement factors, statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee, any statement that the defendant made on his own behalf, and the potential for rehabilitation or treatment. *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991) (citing T.C.A. §§ 40-35-103 (2014), -210 (2014); *State v. Moss*, 727 S.W.2d 229, 236 (Tenn. 1986); *State v. Taylor*, 744 S.W.2d 919 (Tenn. Crim. App. 1987)); *see* T.C.A. § 40-35-102 (2014).

We review a trial court's decisions on questions related to probation or any other alternative sentence for abuse of discretion, and we apply a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). Generally, probation is available to a defendant sentenced to ten years or less. T.C.A. § 40-35-303(a) (2014). The burden of establishing suitability for probation rests with a defendant, who must demonstrate that probation will "'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Souder*, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002) (quoting *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)); *see* T.C.A. § 40-35-303(b); *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008).

A sentence is based upon "the nature of the offense and the totality of the circumstances," including a defendant's background. *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991); *see State v. Trotter*, 201 S.W.3d 651, 653 (Tenn. 2006). A trial court is permitted to sentence a defendant to incarceration when:

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1)(A)-(C) (2014); *see Trotter*, 201 S.W.3d at 654.

We conclude that the trial court did not abuse its discretion by ordering the Defendant to serve his sentences in confinement. The record reflects relative to each case number that the trial court considered the presentence report, the testimony at the sentencing hearing, arguments of counsel, and the Defendant's successful completion of the in-patient drug and alcohol treatment program. The court, though, placed significant weight on the Defendant's smoking marijuana. The court found that after the Defendant completed the treatment program and the trial court continued to extend his furlough, the Defendant smoked marijuana and was arrested on new criminal charges. The Defendant admitted at the sentencing hearing to smoking marijuana after his release from the treatment program, and the trial court found that the Defendant's drug screen showed the presence of cocaine and marijuana. The trial court also placed significant weight on the Defendant's inability to comply with the conditions of his release. *See* T.C.A. § 40-35-103(1)(C) ("Sentences involving confinement should be based on . . . [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]"). The Defendant testified at the sentencing hearing that he pleaded guilty to three probation violations relative to case number 41100355 and 41100356. We note that the Defendant admitted smoking marijuana eight days after he received probation in those cases, and his smoking marijuana after his release from the treatment program was another violation of his probation and was a violation of his furlough.

We disagree with the Defendant's assertion that he had a minor setback. The record reflects numerous occasions when the Defendant smoked marijuana, although it was prohibited by law and by the conditions of his release. As the Defendant acknowledged at the sentencing hearing, these cases had been pending since 2011, but the Defendant continued to engage in conduct prohibited by the law and the terms of his release. We note that the Defendant had pleaded guilty and was awaiting sentencing on the evading arrest charge at the time of the sentencing hearing for the present offenses. The Defendant's inability to conform his conduct to the law and to the conditions of his release reflects a lack of potential for rehabilitation. *See id.* § 40-35-103(5). The trial court did not abuse its discretion by ordering the Defendant to serve his sentences in confinement. The Defendant is not entitled to relief on this basis.

## II

### Motion to Withdraw Guilty Pleas

The Defendant contends that the trial court erred by denying his motion to withdraw his guilty pleas. He argues that the court failed to consider his successful completion of the

drug and alcohol rehabilitation program as a mitigating factor, that the court's failure created a manifest injustice, and that his motion to withdraw his guilty pleas should have been granted. The State responds that the issue is waived because the Defendant failed to prepare an adequate record. We agree with the State.

The record reflects that after the sentencing hearing, defense counsel and the Defendant, pro se, filed motions to withdraw the Defendant's guilty pleas. The trial court's written order denying the motion to withdraw states that a hearing was held on June 4, 2015, but the transcript from the motion hearing is not included in the appellate record. The Defendant has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal. T.R.A.P. 24(b); *see State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). The transcript from the hearing on the motion to withdraw is critical to this court's review of the trial court's determination. *See* T.R.A.P. 24(b); *see also State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987). The Defendant was placed on notice that the relevant transcript was not included in the appellate record once the State submitted its appellate brief, but the Defendant has not requested this court permit a supplement of the record with the transcript. "When the record is incomplete, or does not contain the proceedings relevant to an issue, this [c]ourt is precluded from considering the issue." *Miller*, 737 S.W.2d at 558. Likewise, "this [c]ourt must conclusively presume that the ruling of the trial court was correct in all particulars." *Id*. (citing *State v. Jones*, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981); *State v. Baron*, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983); *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn. Crim. App. 1983)); *see State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). The Defendant has failed to prepare an adequate record, and he is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE