IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 14, 2025

## STATE OF TENNESSEE v. JAMES R. HOLLEY

**Appeal from the Circuit Court for Henderson County**
No. 23-241-2      Donald H. Allen, Judge

_____

### No. W2024-00748-CCA-R3-CD

_____

The Defendant, James R. Holley, appeals the Henderson County Circuit Court's denial of his request for alternative sentencing after his guilty pleas to eight counts involving drugs, weapons, and traffic offenses. Based on our review, we conclude that the Defendant failed to provide this court with an adequate appellate record. Accordingly, his appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which J. ROSS DYER and MATTHEW J. WILSON, JJ., joined.

Robert L. Sirianni, Jr. (on appeal), Winter Park, Florida, and Samuel Hinson (at trial), Lexington, Tennessee, for the appellant, James R. Holley.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; Jody Pickens, District Attorney General; and Eric Wood, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

This case relates to a January 29, 2023 traffic stop during which a police officer found marijuana, drug paraphernalia, and a firearm in the Defendant's car. In September 2023, the Henderson County Grand Jury returned an eight-count indictment, charging the Defendant with possession of marijuana with intent to sell, a Class E felony, in count one; possession of marijuana with intent to deliver, a Class E felony, in count two; possession of drug paraphernalia, a Class A misdemeanor, in count three; speeding, a Class C misdemeanor, in count four; unlawful possession of a firearm after having been convicted

of a felony crime of violence, a Class B felony, in count five; unlawful possession of a firearm after having been convicted of a felony drug offense, a Class C felony, in counts six and seven; and unlawful possession of a firearm after having been convicted of a felony, a Class E felony, in count eight. In December 2023, the State filed a notice of intent to seek enhancement punishment as a Range II, multiple offender. The notice referred to twelve prior Georgia convictions, five of which were felonies: a 2014 conviction for possession of a controlled substance for which the Defendant received a three-year sentence; a 2007 conviction for first degree forgery for which he received a three-year sentence; a 1992 conviction for possession of cocaine for which he received a seven-year sentence; and two 1990 convictions for burglary for which he received five-year sentences.

On February 27, 2024, the Defendant pled guilty to the offenses. The transcript of the guilty plea hearing is not in the appellate record. However, the written request for acceptance of guilty plea and petition to waive trial by jury provides the following table:

| Count | Offense Pleading To: | Range of Fines and Sentence | Sentence to be imposed pursuant to TRCP 11e(1)c | Release Eligibility Status | Fines to be Imposed |
|---|---|---|---|---|---|
| 1, 2 | Possession of Sch VI w/ Intent to Sell/Deliver (E Felony) | 2 to 4 years $2,000 - $5,000 | 4 Years | 35% | $2,000.00 |
| 3 | Possession of Drug Paraphernalia (A Misd) | Up to 11/29 $150 to $2500 | 11/29 | 75% | $150.00 |
| 4 | Speeding | Up to 30 Days Up to $50 | 30 Days | 75% | --- |
| 5 - 8 | Possession of a Firearm by a Convicted Felon – Prior Violent Felony (B Felony) | 8 to 12 Years Up to $25,000 | 9 Years | 85% | ---- |

On May 10, 2024, the trial court held a sentencing hearing. At the outset of the hearing, the trial court recalled that the Defendant pled guilty to the eight offenses in exchange for an effective nine-year sentence with the trial court to determine the manner of service of the sentence. The State introduced into evidence, without any objection from the Defendant, presentence reports that were filed on April 9 and May 1, 2024. According to the factual account of the crimes in the reports, a police officer stopped a silver Camry being driven by the Defendant on South Broad Street for traveling sixty-two miles per hour in a forty-five-mile-per-hour speed zone. The officer smelled the odor of marijuana

coming from the Camry, searched the car, and found 31.8 grams of a green, leafy substance; glass pipes; a white powder thought to be cocaine; a digital scale; and a Colt .38 Special handgun. The officer arrested the Defendant and transported him to the criminal justice center.

The presentence reports showed that the Defendant, who was from Georgia, was fifty-six years old, single, and a high school dropout. He obtained his GED in 1985 and attended technical school from 1986 to 1987. The Defendant did not report any physical or mental issues but stated that he had a history of illegal drug use and that he completed a drug and alcohol rehabilitation program in the 1980s. The Defendant stated in the report that he lived in Augusta, that he had owned his own home improvement business for ten years, and that he was skilled in plumbing, electrical work, painting, installing vinyl siding and gutters, and replacing windows. The report confirmed the five felonies listed by the State in the notice of enhanced punishment and showed that the Defendant also had three prior misdemeanor convictions of disorderly conduct, four prior misdemeanor convictions of driving under the influence, and one prior misdemeanor conviction of reckless driving. The Defendant's Strong-R assessment calculated his overall risk to reoffend as low.

Nicole Bushea, the Defendant's girlfriend, testified on his behalf that they had been in a relationship for eight years. She described him as "wonderful" and said that he went to work every day. She acknowledged that a young woman was with the Defendant when the officer stopped the Camry and that the officer found a weapon in the car. Ms. Bushea said that the weapon belonged to the Defendant's female passenger, not the Defendant. She acknowledged that the Defendant was a convicted felon but said that she would help him be successful on probation if the trial court granted alternative sentencing.

The Defendant gave an allocution in which he said he had not been in trouble for ten years and asked for leniency from the trial court. He stated that he owned a business in which people depended on him every day for work and that he was "very sorry that this happened." He promised that if the trial court granted probation, the court would "never see [him] again."

The trial court recalled from the facts presented at the guilty plea hearing that the Defendant claimed ownership of the marijuana, the drug paraphernalia, and the firearm. The trial court also recalled that the Defendant acknowledged having the prior five felony convictions in Georgia. The trial court stated that it had considered the evidence presented at the guilty plea and sentencing hearings, the presentence report, the principles of sentencing, the arguments made regarding sentencing alternatives, the nature and characteristics of the criminal conduct involved, mitigating and enhancement factors, the statistical information provided by the Administrative Office of the Courts as to sentencing practices for these types of offenses, the Defendant's allocution, letters introduced on his

behalf, and his potential for rehabilitation or treatment. The trial court stated that the Defendant pled guilty as a Range II, multiple offender but that he could have qualified as a Range III, persistent offender. The trial court noted that based on the dates of the prior offenses listed in the presentence reports, the Defendant committed prior crimes in Georgia at least six times while he was on probation in that state.

The trial court considered enhancement factors to determine the manner of service of the sentence and found that the Defendant had a previous history of criminal convictions or criminal behavior, in addition to those convictions necessary to establish the appropriate range, due to his prior convictions and history of illegal drug use and gave the factor great weight. *See* Tenn. Code Ann. § 40-35-114(1). The trial court also found that the Defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community and gave the factor great weight. *See id*. at § 40-35-114(8). Finally, the trial court found as an enhancement factor that, based on the facts of this case, the Defendant possessed a firearm during the commission of a dangerous felony, i.e., the possession of marijuana with intent to sell or deliver, and gave the factor moderate weight. *See id*. at § 39-17-1324(a) (providing that "[i]t is an offense to possess a firearm or antique firearm with the intent to go armed during the commission of or attempt to commit a dangerous felony"), (i)(1)(L) (providing that a "dangerous felony" includes "[a] felony involving the sale, manufacture, distribution or possession with intent to sell, manufacture or distribute a controlled substance or controlled substance"). In mitigation, the trial court found that the Defendant accepted responsibility and had a "decent" work history. *See id*. at § 40-35-113(13).

The trial court stated that it was going to sentence the Defendant "per the plea agreement" and pronounced the following concurrent sentences: four years at thirty-five percent release eligibility and a $2,000 fine for possession of marijuana with intent to sell or deliver; eleven months, twenty-nine days at seventy-five percent release eligibility and a $150 fine for possession of drug paraphernalia; thirty days at seventy-five percent release eligibility for speeding; and nine years at eighty-five percent release eligibility for possession of a firearm by a convicted felon after having been convicted of a violent felony. The trial court did not pronounce sentences for the remaining three counts of possession of a firearm by a convicted felon.

Regarding alternative sentencing, the trial court found that the Defendant's drug use, extensive criminal history, previous failures to comply with the conditions of a sentence involving release into the community, and his poor potential for rehabilitation weighed against alternative sentencing. The trial court also found that the interests of society being protected from possible further future criminal conduct were great, that measures less restrictive than confinement had frequently or recently been applied unsuccessfully to the Defendant, and that full probation would unduly depreciate

- 4 -

the seriousness of the offenses. *See id*. at § 40-35-103(1). The trial court ordered that the Defendant serve his effective nine-year sentence in confinement.

## ANALYSIS

On appeal, the Defendant contends that the trial court improperly considered the uncharged crime of possessing a firearm during the commission of a dangerous felony as an enhancement factor because the facts showed that the firearm was in the trunk of the car and that the marijuana he possessed was for personal use. He also contends that the trial court improperly considered uncertified out-of-state judgments of conviction and failed to consider his drug addiction. The State claims that the trial court properly sentenced the Defendant. We conclude that the record is inadequate for us to conduct a proper appellate review of the trial court's sentencing decision.

Initially, we note that the Defendant entered his guilty pleas in exchange for an effective nine-year sentence and that the only issue for the trial court to determine is whether a sentence of confinement or some form of alternative punishment was warranted. This court reviews the length, range, and manner of service imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682 (Tenn. 2012); *State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012) (applying the standard to alternative sentencing).

A defendant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. *See* Tenn. Code Ann. § 40-35-303(a). The Defendant's effective nine-year sentence meets this requirement. Moreover, a defendant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. *See* Tenn. Code Ann. § 40-35-102(6). Here, the State sought to have the Defendant sentenced as a Range II, multiple offender for his felony convictions, and the trial court repeatedly stated at the sentencing hearing that the Defendant was pleading guilty as a Range II, multiple offender. Additionally, his conviction for unlawful possession of a firearm after having been convicted of a felony crime of violence is a Class B felony. Therefore, he is not presumed to be a favorable candidate for alternative sentencing for those convictions.

A greater problem for the Defendant, though, is the condition of the appellate record. According to the written plea agreement, the Defendant was to plead guilty in counts one and two to possession of marijuana with intent to sell or deliver, Class E felonies, and to receive four-year sentences at thirty-five percent release eligibility. Four-year sentences with a release eligibility of thirty-five percent for Class E felonies comport with the Defendant being sentenced as a Range II, multiple offender. *See* Tenn. Code Ann. § 40-35-112(b)(5) (providing that the range of punishment for a Range II offender

convicted of a Class E felony is two to four years); *id* at § 40-35-501(d) (providing that the release eligibility for a Range II, multiple offender is thirty-five percent). Indeed, the judgments of conviction entered by the trial court for counts one and two confirm that the Defendant was sentenced as a Range II, multiple offender.

The Defendant was to plead guilty to possession of a firearm by a convicted felon in counts five through eight and receive an effective a nine-year sentence with a statutory release eligibility of eighty-five percent. The Defendant's nine-year sentence with a statutory release eligibility of eighty-five percent for possession of a firearm after having been convicted of a felony crime of violence, a Class B felony, in count five comports with the Defendant being sentenced as a Range I offender. *See* Tenn. Code Ann. § 40-35-112(a)(2) (providing that the range of punishment for a Range I offender convicted of Class B felony is eight to twelve years); *id* at § 40-35-501(y)(1)(A), (2)(A) (providing that the release eligibility for a defendant convicted of possession of a firearm after having been convicted of a felony crime of violence is eighty-five percent). However, the judgment of conviction for count five reflects that the Defendant was sentenced as a Range II offender. The range of punishment for a Range II offender convicted of a Class B felony is twelve to twenty years. *See id*. at § 40-35-112(b)(2). Therefore, either the Defendant received an improper sentence for count five or there is a clerical error on the judgment.

The written plea agreement did not specify the sentences for the Defendant's convictions of possession of a firearm after having been convicted of a felony drug offense, a Class C felony, in counts six and seven or his conviction of possession of a firearm after having been convicted of a felony, a Class E felony, in count eight, and the trial court did not pronounce sentences for those convictions at the sentencing hearing. The three judgments of conviction for those counts reflect nine-year sentences as a Range II offender and that they were to merge with count five. The range of punishment for a Range II offender convicted of a Class C felony is six to ten years, but the range of punishment for a Range II offender convicted of a Class E felony is only two to four years. *See id*. at § 40-35-112(b)(3), (5). Thus, the judgment of conviction for count eight reflects an improper nine-year sentence.

As stated previously, the Defendant has failed to include the guilty plea hearing transcript in the appellate record. We note that the State pointed out in its brief that the transcript was absent. The Defendant filed a reply brief but chose to let the record remain incomplete rather than request permission to supplement the record with the transcript pursuant to Rule 24(g), Tennessee Rules of Appellate Procedure. The Defendant has the burden of preparing a fair, accurate, and complete account of what transpired in the trial court relative to the issues raised on appeal. Tenn. R. Crim. App. P. 24(b). *See, e.g., State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). This includes the obligation to have a transcript of the evidence or proceedings prepared. *See* Tenn. R. App. P. 24(b). "When

the record is incomplete or does not contain the proceedings relevant to an issue, this [c]ourt is precluded from considering the issue." *State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987).

Without the transcript of the guilty plea hearing, in which the parties would have disclosed terms of the plea agreement in open court pursuant to Tennessee Rule of Criminal Procedure 11(c)(2)(A), we have no way to determine whether the Defendant received improper nine-year sentences as a Range II offender for the convictions in counts five and eight or whether the sentences on the judgments of conviction are clerical mistakes that may be corrected by the trial court through the entry of corrected judgments pursuant to Tenn. R. Crim. P. 36. Furthermore, although the Defendant now contests the facts of the crimes, the State would have set out the factual basis for the pleas at the plea hearing. *See* Tenn. R. Crim. P. 11(b)(3) (providing that the trial court must determine that there is a factual basis for the plea). When the record does not include a transcript of the guilty plea hearing, this court should determine "on a case-by-case basis whether the record is sufficient for a meaningful review under the standard adopted in *Bise*." *Caudle*, 388 S.W.3d at 279 (Tenn. 2012). Given our inability to determine the Defendant's sentences and the lack of a factual basis for the pleas, we conclude that this appeal should be dismissed.

## CONCLUSION

Based upon our review, the appeal is dismissed.

s/ John W. Campbell
JOHN W. CAMPBELL, SR., JUDGE

- 7 -